LUSTED, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 6 — March 27, 1888.*

*Equity: Mistake: Release under seal: Failure to read: Negligence.*

While plaintiff was suffering from injuries received in a collision on the railroad of the defendant, the agent of the latter procured him to execute, in consideration of $50, a release under seal of all claims against the defendant by reason of his property being destroyed at the time of the collision and also for personal injuries received at that time. The jury found that the subject of a release for the injuries was not talked about during the negotiations, and that neither the plaintiff nor the agent understood that the release covered the claim for such injuries. The value of the property destroyed exceeded $50. The release was not read to the plaintiff who was sick in bed, and when handed to him he tried to read it but could not by reason of dizziness caused by the injuries to his face and head. *Held,* that the release as to the personal injuries was not binding, and plaintiff's ignorance of its contents was not, under the circumstances, the result of such negligence as would preclude him from avoiding the release.

APPEAL from the Circuit Court for *Dane* County.

Action to recover damages for personal injuries received by the plaintiff in a collision on the defendant's railroad, alleged to have been caused by the negligence of the defendant's servants. The answer among other things alleges that after the collision and injury the plaintiff, in consideration of a sum of money paid to him, by an instrument under seal, released and discharged the defendant from all claims and demands by reason of the claim set up in the complaint.

There was a special verdict relating to the execution of the release, the substance of which is stated in the opinion. There was also a general verdict in favor of the plaintiff, assessing his damages at $3,500. A motion for a new trial was denied; and from the judgment entered on the verdict the defendant appealed.

For the appellant there was a brief by *Jenkins, Winkler & Smith,* and oral argument by *Mr. J. G. Jenkins.* They contended, *inter alia,* that the release, being under seal and absolute, can only be avoided for fraud. *Ellis v. Esson,* 50 Wis. 138, 146; *Randall v. Reynolds,* 52 N. Y. Super. Ct. 145; *Brown v. Cambridge,* 3 Allen, 474; *Hanley v. Noyes,* 35 Minn. 174. The failure of the plaintiff to read the release or have it read to him was such negligence that he cannot now ask for relief in equity. *Greenfield's Estate,* 2 Harr. 496; *Fuller v. Madison M. Ins. Co.* 36 Wis. 603–4; *Sanger v. Dun,* 47 id. 615, 620; *Gulliher v. C., R. I. & P. R. Co.* 59 Iowa, 422–3; *Wallace v. C., St. P., M. & O. R. Co.* 67 id. 547; *Pennsylvania R. Co. v. Shea,* 82 Pa. St. 198, 202. The plaintiff, having acted upon the agreement as executed by him, having received and spent the money, and having never tendered a return until after this action was commenced, cannot now be heard to dispute the settlement or be permitted to recover. *Gould v. Bank,* 86 N. Y. 75; *Ludington v. Miller,* 38 N. Y. Super. Ct. 478; *Kellogg v.*

*Richards*, 14 Wend. 118, 119.   See, also, *Stapleton v. King*, 33 Iowa, 31–35; *State v. Gott*, 44 Md. 341–349; *Coon v. Knap*, 8 N. Y. 402; *Eggleston v. Knickerbacker*, 6 Barb. 458; *Hinkle v. M. & St. L. R. Co.* 31 Minn. 434; *Stockton v. Frey*, 4 Gill (Md.), 406, 424; *Kansas City & O. R. Co. v. Hicks*, 30 Kan. 288.

For the respondent there was a brief by *Rogers & Hall*, and *Geo. W. Bird*, and oral argument by *Mr. Bird* and *Mr. W. H. Rogers.*   To the point that the release does not prevent a recovery for the personal injuries in this action, they cited *Woodman v. Clapp*, 21 Wis. 350; *Butler v. Regents*, 32 id. 124; *Smith v. Schulenberg*, 34 id. 41; *Schultz v. C. & N. W. R. Co.* 44 id. 645; *Bussian v. M., L. S. & W. R. Co.* 56 id. 325; *Catlin v. Wheeler*, 49 id. 507; *O'Neil v. L. S. I. Co.* 30 N. W. Rep. (Mich.), 688; *C., R. I. & P. R. Co. v. Lewis*, 13 Ill. App. 166, 109 Ill. 120; *Eagle Packet Co. v. Defries*, 94 Ill. 598; *Codding v. Wood*, 112 Pa. St. 371.

Cole, C. J.   Unless the plaintiff is barred from a recovery in this action by the release given in evidence, the judgment appealed from must be affirmed.   The plaintiff was a mail-agent, and was injured while traveling on the defendant's road, by a collision which occurred solely through the negligence of an engineer in charge of and running an engine on its road.   It is not claimed that the plaintiff was at fault, or contributed in any way through want of care to produce the injuries he sustained.   When injured he was in the discharge of his duties as mail-route agent, and doubtless held the relation of a passenger to the company at the time of the collision.   Besides personal injuries, the plaintiff lost some money and property in consequence of the car taking fire on which he was riding.   The accident happened in the forenoon on the 26th of October, 1886, soon after the regular passenger train going east had

left Pine Bluff station. The plaintiff rode on the train to Madison, and was first taken to the Sisters' Hospital, where his wounds were dressed by Drs. Fox and Boyd. He had a scalp wound, or cut on the head, but there was no apparent injury to the skull, and his face, neck, and hands were burned or scalded to some extent. Soon after his wounds were dressed, he was taken in a carriage to the residence of Mr. Rogers, in this city, a brother-in-law. There he remained, from Tuesday of the week he was hurt, until the following Friday afternoon, when he returned to his home in Lancaster. On Thursday, the 28th of October, Mr. Richards, the claim-agent of the defendant, in company with Dr. Boyd, visited the plaintiff at the house of Mr. Rogers, and, after some negotiations, the plaintiff signed an instrument under seal, which was in substance as follows: "In consideration of the sum of fifty dollars, to me in hand paid by the *Chicago & Northwestern Railway Company*, the receipt whereof is hereby confessed, I hereby release and forever discharge said railway company from all claims and demands which I now have or may have against it by reason of property belonging to me which was burned in a wreck near Pine Bluff, October 26, 1886, and for injuries received by me at the same time; said wreck caused by an engine colliding with the train upon which I was riding." The instrument was dated and signed.

The testimony is conflicting as to what conversation was had between the plaintiff and Mr. Richards, the claim-agent, prior to the signing of this release, and as to the circumstances attending its execution. The jury found, in answer to questions submitted, that the money was not paid upon the understanding, by the claim-agent, that it was in full of all claims growing out of the accident; that the plaintiff signed the release without knowing it contained a clause releasing claims for personal injury, and that he would not have signed it had he known it contained

such a clause; and that the subject of a release for personal injuries was not talked about during the negotiations; that the plaintiff at the time of the negotiations was conscious and rational, and had an opportunity to read and understand the contents of the release; that he used the money received, and never tendered it back to the defendant until after the commencement of this action.

The learned circuit judge declined to submit a question whether the defendant's agent made any false representations to the plaintiff as to the contents of the release when it was signed, because he thought there was no evidence that any false statements or representations in express terms were made. It is true that there is no evidence that any actual fraud was practiced by the agent to procure the plaintiff's signature to the paper; still it is difficult to conceive how the clause releasing all claims for personal injuries was inserted therein without the knowledge of the agent, who himself drew up the instrument, as we understand the testimony. But, in view of the finding of the jury, we must assume that the agent inserted that clause by mistake; for it is found that neither the plaintiff nor the agent understood or knew that the instrument contained a clause releasing the claim for personal injuries. The conclusion is inevitable that the clause releasing the claim for personal injuries was inserted in the release either through pure mistake, or by error on the part of the agent of the defendant in reducing it to writing, who did not intend any actual wrong or bad faith. Upon either hypothesis, the question is, Does the release bind the plaintiff, or may he show that he did not understand it and would not have signed it had he known that it contained that clause?

The learned counsel for the defendant insists that the release is binding unless it appears that it was procured by fraud; consequently that the evidence admitted against objection, that the plaintiff did not read or understand the

release when he executed it, was incompetent, and should have been excluded. We suppose the doctrine is well settled that courts relieve against mistakes, as well as frauds, in written instruments. A mistake is a ground for setting aside settlements; or where there is a material mistake in a written instrument, either through the error of the draughtsman in reducing the agreement to writing or by the omission or insertion of a stipulation contrary to the intention of the parties, courts relieve against and correct the mistake. A strong illustration of this is afforded by the case of *Green Bay & M. Canal Co. v. Hewitt,* 62 Wis. 316, where a deed was corrected and reformed so as to accord with the intention of the parties. Indeed, the cases are numerous of the correction of a mistake made in reducing an agreement to writing, as well as of avoiding the effect of an instrument entered into through mistake or ignorance of its real character, where such ignorance is not attributable to the negligence of the ignorant party. It certainly cannot be necessary to cite authorities in support of these familiar propositions. We are confident the learned counsel for the defendant would not controvert them.

As to the case before us, the decided weight of testimony supports the conclusion that the matter of personal injuries was not talked about or considered when the release was executed. The explanation may be (probably is) that such injuries were not deemed serious. The agent himself says, in substance, that in their negotiations the plaintiff seemed to place the most stress upon his property lost and the expense of his sickness, and did not dwell upon his personal injuries. If his real pecuniary loss was made good, and his doctors' bills paid, he seemed satisfied, " and would call it even." Dr. Boyd did not remember that anything was said in the conversation about personal injuries. The plaintiff remarked that $50 was paying for the personal property, and that the government would allow him for his time lost,

and that would compensate him, it being understood that the defendant would pay the doctors' bills. The jury was fully warranted in finding that the subject of a release for personal injuries was not talked about during the negotiations; also, that the plaintiff did not know that the instrument contained the clause releasing all claim for personal damages when he signed it. It is perfectly clear that the $50 paid only made good in part the loss of personal property. It certainly was not intended to apply on any claim of damages for personal injury. The loss in property considerably exceeded, according to the plaintiff's testimony, $50.

The further question then arises, Was the ignorance of the plaintiff of the clause contained in the instrument releasing all claim of personal injury, the result of such negligence on his part as precludes him from avoiding it? As to that point we are constrained to say, without imputing to the agent who obtained the release any conscious bad faith in the transaction, that he obtained it at such a time and under such circumstances as show that he acquired an undue advantage, akin in law to a species of fraud. Therefore we are satisfied from all the evidence that it would be against good conscience to allow the defendant to have the benefit of the release thus acquired and hold the plaintiff to its terms. The parties were not standing upon an equal footing in the negotiation. The plaintiff was sick in bed; suffering from an injury to his face and head, which proved to be serious. True, he was conscious and rational, and his recollection of events was clear, but the interview was quite brief, and it is a fair inference that the plaintiff was in no condition to read and fully comprehend the release. He says, in regard to his condition, that the release was not read to him, but handed to him to read; that he tried to read it and could not. He adds: "I had tried three times to get up that morning. Each time I raised up I was seized

with dizziness and could not see anything, and would lie down each time. The time the paper was handed me the same dizziness came upon me as it had before, and I could not see anything; everything was a blur before my eyes. For that reason I did not read the paper." It is quite probable he might have been less on his guard in signing the paper because so little (if anything) had been said about his personal injuries. He supposed he was being paid merely for his property lost. Under these circumstances, we think the ignorance of the plaintiff of the contents of the release cannot be said to be the result of such want of diligence on his part as to preclude him from the right to avoid it. The case, in all of its features, comes strictly within the decision of *Schultz v. C. & N. W. R. Co.* 44 Wis. 638, and *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 326. In those cases there was a release and discharge of all claim for personal injuries, under seal; yet it was held that the plaintiff was not bound by it. We think the cases were rightly decided, and are not disposed to overrule them, notwithstanding criticisms made upon them. In the cases of *Fuller v. Madison Mut. Ins. Co.* 36 Wis. 599, and *Sanger v. Dun,* 47 Wis. 615, the parties were not relieved from the agreements in consequence of being ignorant of their contents, because such ignorance was justly attributable to gross negligence on their part. The cases are clearly distinguishable, in fact and principle, from those in 44 and 56 Wis. ·

The trial court in effect held that the burden of impeaching the release was upon the plaintiff, who must show with reasonable certainty that it was not intended to include the claim for personal injury; and the jury were told that if the plaintiff signed it after the subject of his injuries was talked over, understanding that it was a release of that claim, whether he then knew the extent of his injuries or not,— if he executed the instrument understandingly,— he

was bound by it.   Under the charge, the jury found the verdict which we have referred to.   There is no ground for charging the plaintiff with culpable neglect in failing to read and know the contents of the release.   Ignorance of its contents, under the circumstances, is not prejudicial to his rights.   It would be against good conscience and all rules of fair dealing to allow the defendant to have the advantage of the release obtained in the manner it was.   The agent seemed to be conscious that he made a sharp bargain in the transaction.   He says: " I paid him $50.   I did think. I got out of it pretty cheap."   It would be most inequitable and unjust to hold the release conclusive in view of all the facts disclosed in the record.   This disposes of the material question in the case.

*By the Court.*— The judgment of the circuit court is affirmed.