THE ATCHISON, TOPEKA AND SANTA FE RAILWAY
COMPANY v. ALONZO B. CUNNINGHAM.

### No. 10859.

1. PURCHASER OF RAILROAD AT FORECLOSURE SALE—*under decree requiring assumption of liabilities incurred by receiver before delivery, may be sued in state court for personal injuries for which receiver liable.* By the terms of the decree of the Circuit Court of the United States, for the District of Kansas, entered on the twenty-seventh of August, 1895, directing a sale of the Atchison, Topeka and Santa Fe Railroad and the various properties connected with it, the purchasers were required as a part consideration for the property purchased, to pay all liabilities incurred by the receivers before delivery of possession of the property sold. *Held*, that a passenger who sustained injuries in a collision of two trains operated by the receivers, for which he had a valid cause of action against them, may maintain an action in a state court of competent jurisdiction directly against the Atchison, Topeka and Santa Fe Railway Company as the successor of the purchasers on the assumption of liability required by the decree, and is not required to resort to the court which entered the decree for the recovery of his damages.

2. RELEASE OF CLAIM FOR INJURIES—*held invalid on facts.* Where a passenger on a railroad train has his skull fractured, a leg broken, and is otherwise cut and bruised, and remains unconscious for a considerable period of time after receiving the injuries, and four days thereafter a claim agent of the receivers operating the railroad obtains a release of all his claims for damages in consideration of the sum of seventy-five dollars and care to be given him at the hospital to which he had been taken, where the evidence to sustain the release shows that the injured party had no thought or concern about his damages, and was in a helpless condition; *held*, that such a release is of no validity, and that the claims of error in the admission and rejection of testimony bearing on the mental capacity of the plaintiff to transact business at the time shown by the record in this case are without merit.

Error from Cowley District Court.    J. A. Burnette, Judge.    Opinion filed November 5, 1898. *Affirmed.*

*A. A. Hurd* and *Stambaugh & Hurd,* for plaintiff in error.

*O. P. Fuller* and *Charles W. Roberts,* for defendant in error.

ALLEN, J.   The plaintiff, Alonzo B. Cunningham, was employed as a railway news agent by the Union Railroad News Company, and traveled on the line of the Atchison, Topeka & Santa Fe Railroad between Kansas City and Albuquerque, New Mexico.   The plaintiff was riding under a permit recognized by the conductors of the Railroad Company as entitling him to passage, which read as follows :

" The Railroad News Company to Conductors Atchison, Topeka & Santa Fe Railroad Company, trains 3 and 4 Kansas City & Albuquerque Division.   The bearer, A. B. Cunningham, whose signature is on the back hereof, is authorized by us to run on your division as News Agent until December 31, 1895, provided he complies with the rules and regulations of your company.          RAILROAD NEWS COMPANY.
ALFRED HAMLIN, *Superintendent*."

On the back of this was indorsed :

" Not transferable.   I do hereby agree in consideration of being carried on the cars of said railroad company that I will assume all risk of accident of every kind that may occur to me on said railroad.
A. B. CUNNINGHAM."

On the twenty-fifth of November, 1895, the plaintiff was riding on an east-bound train which collided with a freight train near the station of Shoemaker in New Mexico, whereby the car he was in was thrown from the track down a high embankment, causing serious injuries to him.

The railroad was then in charge of the receivers appointed by the United States Circuit Court.   The road was afterwards sold under foreclosure proceedings to certain persons who with their associates organized a new corporation for the purpose of operating the railroad.   This action is prosecuted against the new organization to recover damages for the injuries

so sustained. The right of the plaintiff to recover of the defendant is based on the terms of the decree of the federal court ordering the sale of the property, in which it was provided :

"The purchaser or purchasers, his or their successors and assigns, shall, as part consideration and purchase price of the property purchased, and in addition to the sum bid, take the same and receive the deed therefor upon the express condition that he or they, or his or their successor or assigns, shall pay, satisfy and discharge any unpaid compensations which shall be allowed by the court to the receivers, and all indebtedness or obligations or liabilities which shall have been legally contracted or incurred by the receivers before delivery of possession of the property sold, and also any indebtedness and liabilities contracted and incurred by said defendant railroad company in the operation of its railroad prior to the appointment of the receivers, which are prior in lien to said general mortgage, and payment whereof was provided for by the order of this court, dated January 10, 1894, and filed January 16, 1894, and which shall not be paid or satisfied, out of the income of the property in the hands of the receivers, upon the court adjudging the same to be prior in lien to said mortgage, and directing payment thereof, provided that suit be brought for the enforcement of such indebtedness, obligation or liability within the period allowed by the statute of limations of the State of Kansas for the commencement of such suit thereon after such indebtedness, obligations or liability was contracted or arose."

The decree further provides for the retention by the court of jurisdiction over the property for the purpose of enforcing these provisions of the decree. The answer denied generally the averments of the petition, and specially denied that the defendant assumed any liability existing against the receivers, and alleged that the receivers had made a settlement with the defendant for the injuries for which he sued and had

made full payment of the damages agreed on. To this the plaintiff replied that he had never made any such settlement, and that his signature to the release set up in the answer was obtained by fraud and misrepresentation and while he was not in his right mind. The action was tried and resulted in a verdict and judgment in favor of the plaintiff for $6250. The defendant seeks a reversal of this judgment.

The principal controversy in the case is as to the liability of the present company for claims of this character which accrued during the management of the property while in the hands of the receivers. It is unnecessary to enter into any discussion of the question as to the liability of the defendant under the statute as a purchaser of a railroad under a mortgage foreclosure, and as, in effect merely, a reorganization of the old corporation.

The terms of the decree under which the defendant purchased could hardly be made more clear, explicit, or comprehensive. The purchaser is required as a part of the purchase price of the property, and in

1. Railroad company liable for liabilities of receivers, when.

addition to the sum paid, to pay all liabilities incurred by the receivers before delivery of possession of the property. The plaintiff's claim is clearly a liability incurred by the receivers. The subsequent provisions of the decree with reference to liabilities incurred by the Railroad Company, which were prior in lien to the general mortgage under which a foreclosure was had, relate to a distinct class of claims. As to claims existing against the old railroad company the purchasers were only required to assume those which were prior in lien to the general mortgage, and payment of which was provided for by the prior order of the court. But as to obligations and liabilities incurred by the receivers the provisions of the decree, as we construe

them, are general and include all claims similar to this as well as all obligations contracted in the operation of the road. The substance of this provision of the decree appears in the order confirming the sale and in the deed to the purchasers of the property, by the acceptance of which they are conclusively bound. It is contended that by the provisions of the decree reserving a right to retake and resell the property for the purpose of enforcing the obligation of the purchaser to discharge these liabilities, the procedure to be pursued by any one for any claim against the receivers is pointed out. This contention also is unsound. Under the federal statute the plaintiff had a right to sue the receivers in the state court without permission of the federal court. The obligation assumed by the purchasers is general. It is an obligation to pay. That obligation may be enforced by any court of competent jurisdiction.

The contention that there is nothing in the record to show that the defendant had anything to do with any railroad in New Mexico is clearly without merit. There is abundant evidence to show that the receivers operated the line of railroad from Kansas City to Albuquerque. Nor is there any merit in the claim that the plaintiff was not a passenger, and that this was a mere accident, the risk of which he assumed under the indorsement on his permit which he had signed. Just what arrangement for his transportation existed between the News Company and receivers the evidence fails to disclose, but it was such as was recognized to be valid.

The claim that this was a mere accident and not the result of negligence is opposed by the rather convincing fact that two trains were moved in opposite directions on the same track at the same time; a freight train attempting to go west while a passenger

train was going east on its regular time. The testimony with reference to the speed of the train was properly admitted, but quite unimportant. Much stress is laid on the admission and rejection of the testimony of the doctors with reference to the character and effects of the plaintiff's injuries.

The testimony concerning which complaints are made bore mainly on the validity of the alleged settlement made by the receivers on the twenty-ninth of November. The testimony shows that the plaintiff's leg was broken, his skull fractured, and that he was cut and bruised in many places. He was taken out of the car unconscious, and did not regain consciousness until he found himself in the hospital at Las Vegas. From the testimony of the claim agent who made the settlement it is apparent that the principal concern of the plaintiff at that time was about remaining in the hospital where he could be taken care of. He says in his direct testimony " when it came to the matter of dollars and cents as to his injuries he did not seem to care. In fact, he said he did not want anything. All he wanted was to have proper care and that would be satisfactory to him." Where such unseemly haste is made in obtaining settlements with parties who have sustained such serious injuries, and where the amount paid is so trifling and utterly disproportionate to any just compensation, it seems like wasting time to nicely discuss questions of evidence bearing on the plaintiff's capacity to transact business. Taking the testimony offered by the defendant in its most favorable aspect, the settlement was made at such a time, under such conditions, and on such terms as condemn it as a fraud and imposition. The plaintiff was utterly helpless at the hospital, suffering from the injuries received but four days before. His main and almost only concern, according

2. Release of claim for injuries, invalid.

to the testimony of the claim agent, was with reference to his immediate needs in his helpless condition. The sum paid him was not demanded but rather suggested and urged on him by the over anxious claim agent. Whether the rulings on the testimony were right or wrong is wholly unimportant under the defendant's own showing.

It is claimed that there are many inconsistencies in the answers to the special questions. We have carefully examined all of them and find nothing to support the claim. Nor is there any merit in the contention that the jury were prejudiced. It would be very difficult to conceive a clearer case of liability than that established by the testimony. Considering the character of the injuries sustained the verdict does not appear excessive. It has been approved by the trial court and meets our approval.

The judgment is affirmed.