JACKOWSKI, Respondent, vs. ILLINOIS STEEL COMPANY, Appellant.

*May 19 — June 22, 1899.*

*Contracts: Release: Contemporaneous parol agreement: Fraud: Mistake: Presumptions: Consideration.*

1. The parties to the action having met and settled a claim for personal injuries, and having purported to reduce the terms of the settlement on both sides to writing, wherein the injured party, who signed the writing, fully releases and discharges the other party from all claims and demands growing out of such injury, in consideration of a specified sum to be paid, and which is therein stated to have been received in full payment and satisfaction of such injuries, the party giving such release and discharge cannot maintain an action, based wholly on a further contemporaneous parol agreement to pay a further consideration, without impeaching the settlement on the ground of some species of fraud or mutual mistake. In the absence of fraud or mistake, the party so signing the written instrument is conclusively presumed to have known its contents.

2. The jury, by its special verdict, having found that the parol contract with defendant, alleged as the cause of action, whereby it agreed to employ plaintiff for life at designated wages, was a distinct understanding, executed after such release and receipt, and that the consideration therefor was not wholly or in part such release and receipt, and it not being alleged or proved that plaintiff made any such independent agreement to work for defendant for life, such alleged contract cannot be enforced, it being wholly without consideration.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Van Dyke & Van Dyke & Carter*, and oral argument by *W. E. Carter*.

*Kate H. Pier*, for the respondent.

CASSODAY, C. J.    This action was commenced August 20, 1896, to recover wages under a parol contract alleged in the complaint to have been made under circumstances to the effect that January 12, 1887, the plaintiff, while in the employ of the North Chicago Rolling Mills Company, incor-

porated and organized under the laws of Illinois, and doing business at Bay View in Milwaukee, Wisconsin, was severely and permanently injured by reason of the negligence of that company; that October 12, 1887, the plaintiff and that company made and entered into a contract and agreement whereby that company agreed to pay to the plaintiff $300, being the amount of his wages up to that date, and to employ the plaintiff in its business at the sum of $1.40 per day as long as he should live, in consideration of which the plaintiff agreed not to sue that corporation for damages on account of the injuries so sustained by him, and to accept the life job thus offered to him by that corporation at the agreed and stipulated price of $1.40 per day, and a sum of money equal to what he would have earned at his regular employment during the time between the date of his injury and the date of such contract, as a settlement of his claim against that corporation for its negligence thereinbefore set forth on account of which the plaintiff sustained the injuries thereinbefore described; that the plaintiff had fully performed such agreement on his part, and had continued willing to do so; that March 1, 1888, that company reduced the plaintiff's wages to $1.30 per day; that May 2, 1889, the North Chicago Rolling Mills Company consolidated with the defendant, the *Illinois Steel Company*, a corporation created and organized under the laws of Illinois, and since the day and year last named the defendant has conducted and operated such rolling mills at Bay View; that January 1, 1892, the defendant further reduced such wages of the plaintiff to $1.10 per day; that September 16, 1895, the defendant discharged the plaintiff from service, and ever since that time has refused to pay him anything for his services, or to allow him further to perform such services,— for which he prayed judgment.

The defendant answered by way of admissions and denials and counter allegations, and, among other things, that Oc-

Jackowski vs. Illinois Steel Co.

tober 12, 1887, the plaintiff and the North Chicago Rolling
Mills Company, entered in a written agreement of which
the following is a true copy; to wit:

"For and in consideration of the sum of three hundred
dollars to me in hand paid, I, *Albert Jackowski* (known as
August Miller on the books of the North Chicago Rolling
Mills Company), of the city and county of Milwaukee, Wis-
consin, do hereby agree to accept said sum of three hundred
dollars in full payment for all claims and demands growing
out of certain injuries sustained by me on the 18th day of
January, 1887, while in the course of employment at the
North Chicago Rolling Mills, in the city of Milwaukee, and
I agree to accept said sum of three hundred dollars duly
paid in full satisfaction for said matters and injuries, and
hereby release the said North Chicago Rolling Mills Com-
pany from all claims, demand, actions, and causes of actions
that have or may accrue to me by reason of such injuries
sustained, and fully release and discharge them from all
claims and demands whatsoever.

"In witness whereof, I have hereunto set my hand and
seal this 12th day of October, 1887.

[Signed]               " ALBERT JACKOWSKI.   [Seal.]
"In presence of ROBERT MENZIES,
            " CHRISTIAN S. OTJEN."

At the same time the North Chicago Rolling Mills Com-
pany paid to the plaintiff $300, and took from him an ac-
knowledgment thereof, in writing, duly signed by him in
the words and figures following, to wit:

North Chicago Rolling Mills Co. to *Albert Jackowski,* Milwaukee, Wis., *Dr.*
  *1887.*
Oct. 12. For injuries sustained as per statement attached...... $300 00
    Correct: W. B. PARKES, Supt.
    Approved: F. HINTON, Manager.
    Received Oct. 12th, 1887, of the North Chicago Rolling Mills Company,
three hundred dollars ($300.00) in full for above account.
        [Signed]                    ALBERT JACKOWSKI.
    Entered and examined by Alfred Church.

The cause was tried, and at the close of the trial the jury returned a special verdict to the effect: (1) That the plaintiff was injured while in the employment of the North Chicago Rolling Mills Company, in 1887; (2) that the plaintiff and the North Chicago Rolling Mills Company did, October 12, 1887, make a settlement whereby it was agreed that the rolling mills company should pay to the plaintiff $300 as and for compensation for wages during the time he had been disabled by such injury, and for the employment of the plaintiff at such light work as he was able to do by the rolling mills company at full yard wages, so called, and whereby the plaintiff agreed not to bring any suit against the rolling mills company for damages by reason of such injuries; (3) that such employment was to continue during the life of the plaintiff and while either one of the mills was running; (4) that the North Chicago Rolling Mills Company, pursuant to such agreement, did employ the plaintiff at such light work as he was capable of doing, and at full yard wages, so long as the rolling mills company continued its organization by that name, and after the consolidation of the Chicago Rolling Mills Company with other companies, under the name of the *Illinois Steel Company*, did continue such employment until September 16, 1895; (5) that the plaintiff did sign the receipt and release in evidence dated October 12, 1887; (6) that the plaintiff did not at the time of signing the receipt and release understand their contents; (7) that such papers were not explained to him, so that, in the exercise of ordinary intelligence, he ought to have known their contents; (8) that the plaintiff did not at the time of signing the paper know that it did not contain the contract for employment; (9) that the plaintiff did suppose the paper to be a mere receipt for $300; (10) that the contract for employment was a distinct understanding entered into after the execution of the receipt and release; (11) that the consideration for the contract of employment

Jackowski vs. Illinois Steel Co.

was not wholly or in part the receipt and release so signed, in addition to the services to be rendered under the contract; (12) that the *Illinois Steel Company* did discharge the plaintiff September 16, 1895; (13) that the plaintiff did thereafter use reasonable diligence to obtain such employment as he was fit to perform; (14) that the plaintiff could have earned, under the contract, after his discharge and prior to the commencement of this action, and according to the terms of the contract, $303.82 wages and $7.47 interest; (15) that the plaintiff could have earned under the contract after the commencement of this action, and down to the time of the trial, $524.88 wages and $23.26 interest.

From the judgment entered on such special verdict for $859.43 damages and costs, which were taxed at $53.94, the defendant brings this appeal.

As indicated in the statement, the complaint alleges, and the jury find, in effect, that the terms of the settlement of October 12, 1887, included an agreement on the part of the company to employ the plaintiff in its business at $1.40 per day as long as he should live and while either one of the mills should be running. No such agreement is mentioned in the written release or papers signed by the plaintiff, and referred to in the verdict and above set forth. There is no pretense that any such agreement or any agreement to employ the plaintiff after October 12, 1887, was ever reduced to writing. The written agreement signed by the plaintiff released and discharged the company from any and all claims and demands growing out of the injuries, for and in consideration of $300 to the plaintiff in hand paid and in full satisfaction for such injuries. It is undisputed that the company paid to the plaintiff the $300, and the plaintiff signed the receipt and release. The contention is that, at the time of signing the papers, the plaintiff did not know their contents, and did not know that the papers did not contain the contract for employment, and he claims

that the same were not explained to him, and that he supposed it was a mere receipt for the $300 so paid. It will be observed that this action is based wholly upon the alleged contract to employ the plaintiff for life after October 12, 1887; and which contract, if ever made, was never reduced to writing, although, according to the allegations of the complaint and the findings of the jury, it was a part of the agreement and consideration for signing such release and discharge. The question recurs whether it was competent to allow such written agreement to be thus modified and enlarged by parol testimony. It is not the case of allowing parol testimony to explain a mere receipt. This is not an action to recover damages for injuries sustained by reason of the negligence of the company, notwithstanding an alleged accord and satisfaction procured under circumstances not binding upon the plaintiff. In such cases this court has probably gone as far as any court in relieving the injured party from the effect of such an accord and satisfaction. *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 325; *Voell v. Kelley,* 64 Wis. 504; *Leslie v. Keepers,* 68 Wis. 128; *Lusted v. C. & N. W. R. Co.* 71 Wis. 391; *Ball v. McGeoch,* 81 Wis. 160; *Sheanon v. Pacific Mut. L. Ins. Co.* 83 Wis. 507; *Lord v. Am. Mut. Acc. Asso.* 89 Wis. 19. Some previous cases, and possibly some of these cases, may have gone too far; but in so far as they have sanctioned the setting aside of an accord and satisfaction on the ground of fraud or mutual mistake, they are undoubtedly sound. But where, as here, the parties meet and settle an alleged cause of action, and purport to reduce the terms of the settlement on both sides to writing, wherein the injured party, who signs the writing, fully releases and discharges the other party from all claims and demands growing out of such injury, in consideration of a specified sum to be paid, and which is therein stated to have been received in full payment and satisfaction of such injuries, the party giving such

release and discharge cannot maintain an action based wholly upon a further contemporaneous parol agreement to pay a further consideration, without impeaching the settlement on the ground of some species of fraud or mutual mistake. *Dolloff v. Curran*, 59 Wis. 332.

The rule is universal that, in the absence of fraud or mutual mistake, proof of antecedent or contemporaneous verbal agreements between contracting parties cannot be received to alter or control their written agreement. *Sanger v. Dun*, 47 Wis. 615; *Hubbard v. Marshall*, 50 Wis. 322; *Wiener v. Whipple*, 53 Wis. 298; *Gillmann v. Henry*, 53 Wis. 465; *Herbst v. Lowe*, 65 Wis. 320, 321; *Scholz v. Dankert*, 69 Wis. 416; *Ball v. McGeoch*, 81 Wis. 171; *Albrecht v. M. & S. R. Co.* 87 Wis. 105; *Braun v. Wis. R. Co.* 92 Wis. 245; *Conant v. Kimball's Estate*, 95 Wis. 550. In the case at bar, there is no pretense that the plaintiff was induced to sign the release through fraud or mutual mistake. The most that is claimed is that he did not know or understand the contents of the release, and that the same was not explained to him. The same is true of several of the cases cited, and in some of them the party bound could neither read nor write. The reason for the rule is that, in the absence of fraud or mistake, the party so signing the written instrument is conclusively presumed to know the contents of the same. *German Bank v. Muth*, 96 Wis. 344, and cases there cited.

It is true that the jury found, inconsistent with the findings already considered, that the contract for employment was a distinct understanding, executed after the release and receipt, and that the consideration therefor was not wholly nor in part the release and receipt. If that were so, and in view of the fact that no other consideration is found or proved, we should be forced to the conclusion that it was wholly without consideration. It is not alleged, and much less proved, that the plaintiff made any such independent

agreement to work for life; and there is nothing alleged and nothing proved showing any sufficient consideration for such an agreement.

There are several other errors assigned; but, as they are all based upon the one already determined, and hence will be obviated upon a new trial, it becomes unnecessary to consider them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.