STEFFEN, Appellant, vs. SUPREME ASSEMBLY OF THE DE-
FENDERS, Respondent.

*January 8—January 29, 1907.*

*Compromise and settlement: Impeachment: Trial: Direction of ver-
dict: Fraud: Mistake: Appeal and error: Review.*

1. An agreement of settlement expressed in a written release is a
   complete defense unless impeached for fraud or mistake.
2. To accomplish impeachment of a formal written instrument on
   the ground of fraud or mistake the proof must be clear and
   convincing beyond reasonable controversy.
3. A writing, and testimony offered by a defendant, showing that
   plaintiff deliberately and with full knowledge entered into an
   agreement to settle plaintiff's claims, is not enough to warrant
   the direction of a verdict in defendant's favor if plaintiff's evi-
   dence, standing alone and undisputed, can, within reason, be
   deemed sufficient to prove with the requisite clearness and con-
   clusiveness that the signature to the writing was induced by
   fraud or mistake.
4. Plaintiff's testimony, upon which alone her case in respect to an
   alleged compromise and settlement of a claim under a benefit
   certificate rested, was to the effect that the president of defend-
   ant benefit society told her that he had information showing
   that statements of deceased as to freedom from consumption,
   from which he afterwards died, were false, and that, as a law-
   yer, he did not believe any fair jury would award her anything;
   that the defendant was not liable to her at all, but that he was
   willing to give her $100 as a present; that though she at first
   demurred she finally assented, and that thereupon the president
   drew or dictated a paper, went with her to a bank, got the
   money and told her to sign the paper, which she did without
   reading it, supposing it to be a mere receipt for the $100, *Held*,
   that the evidence, though given the fullest credit, did not justify
   a finding by the jury that plaintiff's signature to the writing was
   induced either by fraud or mistake in the legal sense: (1) not
   by fraud, for there was no misrepresentation to her as to the
   terms of the writing; (2) not by mistake, for the law does not
   allow a plea of mistake as to the contents of a written instru-
   ment which the signer has full opportunity to read but neglects
   to, unless deterred by some act or representation of the other
   party.
5. In such case the evidence is *held*, at most, to indicate that the
   prior negotiations and conversations proceeded upon the basis

of a gift instead of a settlement, but that all such negotiations became merged in the written expression of the agreement finally executed, which became the conclusive and exclusive proof of the contract upon which the minds of the parties met and to which they were bound.

6. Where a defense is conclusive in favor of the judgment sought to be reviewed, whether or not errors were committed in ruling upon other issues in the cause, and assignments of such errors, need not be considered.

APPEAL from a judgment of the circuit court for Dane county: B. F. DUNWIDDIE, Judge. *Affirmed.*

Action upon a benefit certificate held by plaintiff's deceased husband in defendant association. Defense, fraud in application of the assured in representing himself in good health and free from pulmonary trouble, when, in fact, at the time of the application he was suffering from tuberculosis, from which he died six months later. Also, a settlement and written release after the death and after proofs of loss by the plaintiff. The trial court directed a verdict for the defendant, without indicating which of the defenses he found conclusively sustained by the evidence. From judgment upon such verdict the plaintiff appeals.

For the appellant the cause was submitted on the brief of *F. K. Shuttleworth,* and for the respondent on that of *Smith & Rogers.*

DODGE, J. The agreement of settlement expressed in the written release is, of course, a complete defense unless impeached for fraud or mistake. *Jackowski v. Ill. S. Co.* 103 Wis. 448, 79 N. W. 757; *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 480, 79 N. W. 762. To accomplish impeachment of a formal written instrument on such grounds the proof must be clear and convincing beyond reasonable controversy. *Linde v. Gudden,* 109 Wis. 326, 85 N. W. 323; *Meier v. Bell,* 119 Wis. 482, 485, 97 N. W. 186; *Burnham v. Burnham,* 119 Wis. 509, 513, 97 N. W. 176; *Bowe v.*

*Gage,* 127 Wis. 245, 251, 106 N. W. 1074. The paper itself,
and the testimony offered by defendant, show that plaintiff
deliberately and with full understanding entered into an
agreement to settle her claims for the sum of $100, but this
is not enough to warrant the direction of verdict if plaintiff's
evidence, standing alone and undisputed, can, within reason,
be deemed sufficient to prove with the requisite clearness and
conclusiveness that her signature to the writing was induced
by fraud or mistake. Her testimony, upon which alone her
case in this respect rests, was to the effect that the president
of defendant told her that he had information showing that
statements of deceased as to freedom from consumption were
false, and that, as a lawyer, he didn't believe any fair jury
would award her anything; that the defendant was not liable
to her at all, but that he was willing to give her $100 as a
present. To this she made demur that defendant ought not
to have received her husband into membership if it were not
going to pay his insurance, but finally assented. Thereupon
the president drew or dictated a paper, went with her to a
bank, got the money, and told her to sign this paper, which
she did without reading it, supposing it to be a mere receipt
for $100. We agree with the trial court that this evidence,
though given the fullest credit, could not have justified a find-
ing by the jury that plaintiff's signature to the writing was
induced by either fraud or mistake in the legal sense; clearly
not by fraud, for there was no representation to her as to the
terms of the writing; not by mistake, for the law does not
allow a plea of mistake as to the contents of a written instru-
ment which the signer has full opportunity to read but neg-
lects to, unless deterred by some act or representation by the
other party. *Straker v. Phenix Ins. Co.* 101 Wis. 413, 421,
77 N. W. 752; *Deering v. Hoeft,* 111 Wis. 339, 343, 87
N. W. 298; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 413,
89 N. W. 538, 92 N. W. 246. Plaintiff's evidence shows
nothing of such acts. It at most indicates that the prior ne-

gotiations and conversation proceeded upon the basis of a gift instead of a settlement, but all such negotiations became merged in the written expression of the agreement finally executed, and that becomes the conclusive and exclusive proof of the contract upon which the minds of the parties met and to which they are bound. *Conant v. Estate of Kimball,* 95 Wis. 550, 70 N. W. 74; *Jost v. Wolf, ante,* p. 37, 110 N. W. 232.

The defense above considered is conclusive in favor of the judgment. Whether or not errors were committed in rulings upon the trial of other issues in the case, and assignments of such errors, needs no consideration.

*By the Court.*—Judgment affirmed.