Schiefelbein, Appellant, vs. Fidelity & Casualty Company of New York, Respondent.

*March 9—June 3, 1909.*

*Appeal and error: Review: Sufficiency of evidence: Release: Impeachment.*

1. On an issue as to whether or not the plaintiff was induced by fraud to execute a release of damages, the decision of the trial court must prevail unless it appears from the record to be clearly wrong.
2. To impeach a formal written release on the ground of fraud or mistake the proof must be clear and convincing beyond reasonable controversy.

Appeal from a judgment of the circuit court for Wood county: Chas. M. Webb, Circuit Judge. *Affirmed.*

Action to recover damages claimed to have been caused by deceit.

The claim of the plaintiff was this: On and for some time prior to January 18, 1905, plaintiff was an employee of the Nekoosa Paper Company as a laborer in its mill. On such day, while engaged in his employment loading logs on flat cars by means of a steam log carrier, a cable, which was a necessary part of the appliance, broke, causing a derrick boom to drop upon his head, severely injuring him to his great damage. The cable, to the knowledge or reasonable means of knowledge of the company, was defective, unsafe, and dangerous at the time of the accident. By reason of the facts the company became liable to plaintiff to compensate him for his injuries. At such time the company held a policy of casualty insurance in the defendant company as to liability to its servants from injuries received in the course of their employment. After the injury defendant's agent, by falsely and fraudulently misrepresenting to plaintiff, at a time when by reason of his infirmities he was unable to make investigation of the matters, the condition of the cable when it broke, and also by falsely and fraudulently misrepresenting to him the extent of his injuries and the consequences thereof, which he believed to be true, plaintiff thereby was induced, without negligence on his part, to accept the sum of $119 in full settlement for all claims for damages against his employer on account of his injuries and to execute a formal release accordingly. Such agent, at the time he so obtained such release, well knew plaintiff had a valid claim for damages to an amount many times the sum so accepted, and that such small sum was accepted in ignorance of the facts, which ignorance as indicated, without negligence on plaintiff's part, was produced by the said false and fraudulent representations. By reason of the facts plaintiff suffered damages in the sum of $20,000.

Defendant answered putting in issue all allegations of the complaint respecting the release having been obtained by fraud and alleging that it was signed and the settlement made

by plaintiff freely and voluntarily, with full knowledge of the facts.

At the close of the evidence, the court, on motion of counsel for defendant, directed the jury to render a verdict in its favor upon the ground that such evidence was insufficient to show, reasonably, any false representations as to matters of fact having been made to the plaintiff for the purpose of inducing, or which did induce, him to sign the release, and, therefore, that there was no case made for avoiding the release.

For the appellant there were briefs by *Cady, Strehlow & Jaseph,* and oral argument by *Max H. Strehlow.*

*Byron B. Park,* for the respondent.

The following opinion was filed March 30, 1909:

MARSHALL, J.    The record presents the single question of whether there was evidence sufficient to carry the case to the jury on the issue respecting whether plaintiff was induced by fraud to sign the release.    In reviewing such a question, upon appeal, it is elementary that the decision of the trial court must prevail unless it appears from the record to be clearly wrong.

The evidence has been carefully examined, resulting in our being unable to reach a conclusion that the trial court, plainly, committed error.    It does not seem best to state such evidence in detail, showing by discussion thereof justification for such conclusion.    Such discussion would add very little, if anything, to the force of the decision and would furnish very little, if any, assistance in the disposition of future cases, since no two can be reasonably expected to be alike as to facts. This case, in our judgment, was properly considered by the trial court as ruled in favor of defendant by *Steffen v. Supreme Assembly of Defenders,* 130 Wis. 485, 110 N. W. 401, and similar cases.    It was there said, with reference to avoiding a settlement evidenced by a signed writing: "To accom-

plish impeachment of a formal written instrument on" the ground of fraud or mistake "the proof must be clear and convincing beyond reasonable controversy." Treating of a similar matter in *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 480, 79 N. W. 762, 765, the court said:

"The question in each such case is, Did the minds of the parties meet upon the understanding of the payment and acceptance of something in full settlement of defendant's liability? If they did, without fraud or unfair conduct on either side, the contract must stand, although subsequent events may show that either party made a bad bargain, because of a wrong estimate of the damages which would accrue."

It was in the light of such adjudications as those specifically referred to and others of a similar character, that the trial court reached the conclusion that the fact, if it be a fact, of appellant's injuries proving more severe than was supposed at the time of the settlement, could have no bearing upon the efficiency of the release, and that no case was made warranting a finding that appellant was imposed upon by respondent.

*By the Court.*—The judgment is affirmed.

WINSLOW, C. J., took no part.

A motion for a rehearing was denied June 3, 1909.