MENSFORTH, Appellant, vs. CHICAGO BRASS COMPANY, Respondent.

*March 17—April 26, 1910.*

*Personal injuries: Release: Validity: Fraud in procuring: Negligence in signing: Ratification: Affirmance: Questions for jury: Return of money as condition precedent to action.*

1. The question of the validity of a written release as a bar to an action for personal injuries was one for the jury, upon evidence tending to show that the writing was signed by plaintiff while he was in bed, weak and suffering from the injuries, and not able to read the paper or hear it when it was read; that he signed at the solicitation of an officer of defendant and upon representations by such officer, and by a friend of plaintiff whom

the officer had brought with him, that defendant was not liable in damages and that the money then paid and thereafter to be paid was a mere gratuity; and that plaintiff did not know what he was signing.

2. There could be no ratification or affirmance of such a release without full knowledge of the facts.

3. There can be no release of a cause of action without unequivocal acts showing expressly or by necessary implication an intention to release.

4. The acceptance of money by plaintiff after the signing of the release was not an affirmance thereof unless the money was paid in satisfaction of the cause of action or received by plaintiff after he knew or ought to have known that he had a cause of action and that the money was paid in satisfaction of it.

5. The obtaining of such release under the circumstances stated was a fraud, constructive if not actual, upon plaintiff if he had in fact a cause of action and defendant knew or ought to have known that fact.

6. Whether plaintiff was guilty of negligence in signing the release without knowledge of its contents was, upon the evidence, a question for the jury.

7. Where the payment of money by defendant to plaintiff was not understood by either to be in settlement of a disputed liability it was not necessary for plaintiff to return or offer to return the money before suing upon that liability.

8. Per WINSLOW, C. J., and BARNES, J.: Even if, in this case, defendant paid the money upon the understanding that it was in settlement of plaintiff's claim, yet if plaintiff without negligence accepted the money in the belief that it was a mere gratuity, and such belief was induced either by defendant's actual fraud or by its failure to explain properly the true character of the release, defendant cannot be heard to say that the money was paid in settlement of the liability.

APPEAL from a judgment of the circuit court for Kenosha county: J. C. LUDWIG, Judge. *Reversed.*

This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff in consequence of the defendant's negligence. The plaintiff was engaged with several others in erecting a factory building for the defendant, and while so engaged one of the walls fell and seriously injured the plaintiff. It is alleged that the

wall fell through the defendant's negligence and that the defendant is liable to the plaintiff for the damages sustained. Defendant denies negligence, and among other defenses sets up that on the 12th day of October, 1907, the plaintiff, for a good and valuable consideration, did acknowledge full satisfaction and discharge of all claims in respect to all injuries or injurious results arising from the facts alleged in the complaint as constituting the plaintiff's cause of action.    The plaintiff put in his proof and rested, and thereupon it was stipulated that the issue of release and satisfaction set up in the answer be first tried, and upon that issue the defendant put in evidence a written paper purporting to be a satisfaction and discharge of all claims accruing or to accrue on account of injuries sustained at the time and place alleged in the complaint.    Considerable evidence was put in on both sides respecting this alleged release and as to whether or not it barred the plaintiff's cause of action.    At the close of the evidence on this issue the court directed that the complaint be dismissed on the ground that, while it was a jury question whether the release was valid and a bar to the plaintiff's cause of action at the time of its execution, the evidence as to the acts and conduct of the plaintiff thereafter and down to about the time of the commencement of this action showed conclusively that after the execution of the alleged release plaintiff knew the nature thereof and that it was a settlement, and affirmed it, and therefore the evidence established as a matter of law that the release barred the plaintiff's action.    A verdict was directed for the defendant and judgment dismissing the complaint entered, from which this appeal was taken.

For the appellant there was a brief by *Calvin Stewart* and *Wallace Ingalls,* and oral argument by *Mr. Stewart.*

For the respondent there was a brief by *Harper & McMynn,* attorneys, and *Peter Fisher,* of counsel, and oral argument by *R. N. McMynn.*

The following opinion was filed April 26, 1910:

KERWIN, J.   The questions involved are whether the writing signed by the plaintiff was, when signed, a valid discharge of his cause of action set up in the complaint, or whether, if not such when signed, it became so by the subsequent acts and conduct of plaintiff.   The court below held that it was a question for the jury whether the release when executed discharged and satisfied the plaintiff's claim, but that the evidence established as matter of law that the plaintiff, after the signing of the release, affirmed it, and thereby made it a valid release and satisfaction of his cause of action, and directed a verdict for the defendant.

The release in question purports on its face to satisfy and discharge all claims for damages growing out of the accident, and was signed at the hospital ten days after the injuries were received and while the plaintiff was in bed suffering pain. The evidence tends to show that he had to be propped or held up in bed while he signed, and that he had no glasses and could not read the paper without them, and was deaf, and when the paper was read by the officer of the defendant he heard only a few words of it, and that the whole thing seemed to him like a flash in a dream; that defendant's officer who procured the release represented to plaintiff before he signed that they had looked into the case and were not to blame for the falling of the wall, and that it was an accident, but that they would still keep him, pay expenses and doctor's bill and a few dollars to reimburse him.   Plaintiff testified that he caught a few words when the paper was being read to him, and said, "But after that I dwindled down," and that he did not know what he was signing, and did not know that the paper he signed contained a release of his damages against the defendant, if he had any.   No inquiry was made at the time of signing the release as to the extent of the injuries, and there is

nothing in the evidence going to show that the defendant then considered that there was any liability and represented to plaintiff that there was not and that the settlement was not based on compensation for the injuries, but that what it was doing for plaintiff was a mere gratuity, except from what appeared upon the face of the instrument signed by the plaintiff. The plaintiff was earning when injured about $100 per month, and was sixteen weeks in the hospital after the injury. He received after signing the receipt $100 in three instalments, and nothing was said when the money was paid to him as to what it was for. Without further detailing the evidence the court is of opinion that the question of the validity of the release as a bar to the cause of action set up in the complaint was for the jury. *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Union Pac. R. Co. v. Harris,* 158 U. S. 326, 15 Sup. Ct. 843; *Smith v. Occidental & O. S. Co.* 99 Cal. 462, 34 Pac. 84; *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 325, 14 N. W. 452; *Atchison, T. & S. F. R. Co. v. Cunningham,* 59 Kan. 722, 54 Pac. 1055.

A valid release in writing sufficient to bar the plaintiff's claim not having been established as a matter of law, it becomes necessary to determine whether the evidence on affirmance or ratification justified the court in directing a verdict for the defendant. The evidence, as well as the legal inferences to be drawn therefrom, as to whether there was a release of the plaintiff's cause of action is conflicting. The plaintiff never saw the release after it was signed until it was produced upon the trial of this action; nor did he have any definite knowledge that a cause of action existed in his favor against the defendant until shortly before he commenced this action. True, there is some evidence that several months after the release was signed he was informed that he had jeopardized his case by signing the release.

But the evidence is vague and indefinite and not sufficient to inform him that he in fact had a cause of action or the nature of the release he had signed, or warrant him in beginning suit until he was finally informed about the defective construction of the wall by one Johnson, who was also injured, and that he then advised his attorney to bring this action. There could be no affirmance or ratification of the release without full knowledge of its terms. Nor could there be a release of the cause of action without unequivocal acts of plaintiff showing expressly or by necessary implication that he intended to release. And there can be no ratification or affirmance unless plaintiff knew or ought to have known all the facts and circumstances attending the act to be ratified. *McDermott v. Jackson,* 97 Wis. 64, 72 N. W. 375; *Herring v. Skaggs,* 73 Ala. 446; *Pfeiffer v. Marshall,* 136 Wis. 51, 116 N. W. 871. Ratification presumes the existence of knowledge of all the facts, and one not informed of the whole transaction is not in a position to ratify the same. *King v. Mackellar,* 109 N. Y. 215, 16 N. E. 201. Nor was the receipt of the $100 an affirmance of the release unless paid in satisfaction of the plaintiff's cause of action, or received after he knew or ought to have known that he had a cause of action and that the money was paid in satisfaction of it. There is evidence that the defendant did nothing but what it offered to do on the theory that plaintiff had no cause of action against it, and that the $100 was paid long before plaintiff received the information from Johnson which induced him to bring the action.

The transaction involved in procuring the release on its face bears the impress of unfairness. The plaintiff was in the hospital only ten days when the release was procured and remained there fourteen or fifteen weeks thereafter. When he signed the paper he was suffering pain and was unable to sit up, and not in condition to carefully consider his

rights in the matter. A friend of his accompanied the officer of defendant to aid in getting the release signed. No inquiry was made as to the extent of the injuries and no pretense to settle for them, but, on the contrary, the officer of the defendant represented to plaintiff that he had no claim for damages. Such practice was a fraud, constructive if not actual, upon the plaintiff, if he did in fact have a cause of action and the defendant knew or ought to have known that such claim for damages existed. *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857. In *Atchison, T. & S. F. R. Co. v. Cunningham,* 59 Kan. 722, 727, 54 Pac. 1055, 1057, the court in referring to such a settlement said:

"Where such unseemly haste is made in obtaining settlements with parties who have sustained such serious injuries, and where the amount paid is so trifling and utterly disproportionate to any just compensation, it seems like wasting time to nicely discuss questions of evidence bearing on the plaintiff's capacity to transact business."

It cannot be said that the case before us comes within the class where negligence in signing a paper prevents the party from afterwards questioning its contents. Here the plaintiff's condition at the time, the fact that his friend and colaborer accompanied the officer of the defendant and who doubtless was brought because of his intimacy with and influence upon plaintiff, the assurance by his friend as well as by the officer of the defendant that he had no claim against the defendant, together with all the circumstances of the case, made it a jury question whether he was guilty of negligence in signing the release without knowledge of its contents. *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Griffiths v. Kellogg,* 39 Wis. 290. Nor was it necessary to return the $100 received before commencement of action. There is an abundance of authority to the effect that, where the payment was not understood by either party to be in

settlement of a disputed liability, a return or tender of return of the money is not necessary. *Ill. Cent. R. Co. v. Edmonds* (Ky.) 111 S. W. 331; *Continental T. Co. v. Knoop* (Ky.) 71 S. W. 3; *St. Louis, I. M. & S. R. Co. v. Brown,* 73 Ark. 42, 83 S. W. 332; *Ingram v. C., F. & A. R. Co.* (Ky.) 89 S. W. 541; *O'Brien v. C., M. & St. P. R. Co.* 89 Iowa, 644, 57 N. W. 425.

Counsel for defendant relies upon *Steffen v. Supreme Assembly,* 130 Wis. 485, 110 N. W. 401; *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 79 N. W. 762; *Schiefelbein v. Fidelity & C. Co.* 139 Wis. 612, 120 N. W. 398; *E. Bement & Sons v. La Dow,* 66 Fed. 185; and 1 Beach, Modern Law of Contracts, § 821.

In *Steffen v. Supreme Assembly, supra,* while the rule is laid down that in order to impeach a written agreement on the ground of fraud or mistake the evidence must be clear and convincing beyond reasonable controversy, the court, further referring to the fact that the paper and the testimony offered show that plaintiff deliberately and with full understanding entered into an agreement to settle her claim for $100, holds that this is not enough to warrant a directed verdict if the plaintiff's evidence, "standing alone and undisputed, can, with reason, be deemed sufficient to prove with the requisite clearness and conclusiveness that her signature to the writing was induced by fraud or mistake." See, also, the late case of *Lepley v. Andersen, post,* p. 668, 125 N. W. 433.

*Kowalke v. Milwaukee E. R. & L. Co., supra,* involves a full discussion of what are and what are not covered by settlements, though not definitely known at the time of settlement; in other words, what ignorance of fact concerning extrinsic matters is sufficient, if at all, to warrant setting aside a settlement where the subject matter of the cause of action is the basis of settlement. In that case the parties intended

to settle the cause of action.    At page 480 of 103 Wis. (79 N. W. 765) the court said:

"The question in each such case is: Did the minds of the parties meet upon the understanding of the payment and acceptance of something in full settlement of defendant's liability? If they did, without fraud or unfair conduct on either side, the contract must stand, although subsequent events may show that either party made a bad bargain, because of a wrong estimate of the damages which would accrue."

This language is quoted with approval in the late case of *Schiefelbein v. Fidelity & C. Co.* 139 Wis. 612, 120 N. W. 398. In the instant case it was a jury question whether the plaintiff intended or considered at all settlement of the cause of action sued upon.

*E. Bement & Sons v. La Dow*, 66 Fed. 185, is a case which involved a contract alleged to have been induced by fraudulent representations, and it was held that there was no evidence of fraudulent representations, and, moreover, that there was ratification with full knowledge of the facts and also profits realized by the party under the contract who sought to avoid it.

None of the authorities cited by defendant are controlling against the plaintiff here. The court is of opinion that whether plaintiff should be bound by the release, or ratified and affirmed it, were jury questions. At the close of plaintiff's evidence defendant moved for a nonsuit, which was overruled without argument, and, as appears from the record, with the observation by the trial judge that the question could be taken up later. But as the court held that sufficient proof of release was made, as matter of law, it became unnecessary to further consider the merits of the motion for nonsuit, and it was not done; nor were the merits of the motion argued here. We therefore desire to say in closing that this court does not decide whether the motion for nonsuit should have been granted, and the decision here is

without prejudice to defendant's right to litigate that question upon another trial.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.

Timlin, J., dissents.

The following opinion was filed May 24, 1910:

Winslow, C. J. (*concurring*). While I agree that it was not necessary for the plaintiff to return or offer to return the money received by him from the defendant in order to entitle him to maintain his action, I do not agree with the grounds stated for the ruling, namely, that "where the payment was not understood *by either party* to be in settlement of a disputed liability, a return or tender of the return of the money is not necessary." Of course this is true as an abstract proposition, and it would apply to this case if the testimony were undisputed to that effect; but it is not. On the contrary, the testimony of the defendant's witnesses, Shearer and Cox, is positive to the effect that Shearer offered to pay the plaintiff's medical expenses, hospital bills, and $100 in cash if he (plaintiff) "would sign an agreement releasing us from liability," and that the plaintiff understood the proposition, discussed it, read the duplicate releases, and finally signed them with full understanding that the transaction was a settlement of any claim that he might have, just as the written release describes it to be. From start to finish, the defendant's officers, while denying liability, have maintained that this transaction was a complete settlement of any claim which the plaintiff had or thought he had arising out of the accident. So it seems entirely clear to me that this is not a case where it can be said that the evidence shows as matter of law that the "payment was not understood by either party to be in settlement of a disputed liability."

But the plaintiff claimed, and testified to the effect, that he was in bed and partially unconscious from the effects of his injury when the release was presented to him; that he was in a dazed condition; that he did not know what was in the release, did not hear it read, and did not and could not read it himself, and did not know what he was signing; that nothing was said to him about settlement of his claim for damages, but that he was simply told that the company would pay his doctors' bills and give him a few dollars to reimburse him.    If the jury believed these statements and believed that he was not negligent in failing to ascertain the character of his release, then it would not be necessary for the plaintiff to return the money received in order to maintain his action, for the plain reason that the defendant could not now be heard to say that the money was paid in settlement of the liability for the accident, if it be a fact that the plaintiff without negligence took the money under the honest belief that it was merely a gratuity, and such belief was induced either by the actual fraud of the defendant or by lack of proper explanation of the true character of the release.

BARNES, J.    I concur in the views of the chief justice.