JOSEPH HULBERT *vs.* NATIONAL DOCK AND WAREHOUSE COMPANY.

Suffolk.   December 8, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Release.   Fraud.   Deceit.   Evidence.*

In an action for personal injuries, where the defense relied upon is a release executed by the plaintiff, if it appears that the plaintiff had been hurt grievously and was confined to his bed at the time that the release was presented to him for signature by an agent of the defendant, and the evidence justifies a finding that the plaintiff was told by such agent that the plaintiff's counsel said that it was all right for him to sign the release, it is error for the presiding judge to exclude the testimony of one of the members of the firm who were counsel for the plaintiff, which is offered by the plaintiff to show that the statement shown to have been made by the defendant's agent was not true, and it also is error to exclude the plaintiff's own testimony, which is offered by him to show that he relied upon the representation of the defendant's agent that the plaintiff's counsel said that it was all right for him to sign the release.

HAMMOND, J.   This is an action for personal injuries received by the fall of a bale of wool upon the plaintiff while he

was at work loading his team at the defendant's warehouse. At the trial a verdict was ordered for the defendant, and the case is before us upon exceptions taken by the plaintiff to the exclusion of certain testimony offered by the plaintiff and to the order.

The questions of the due care of the plaintiff and the negligence of the defendant were clearly for the jury. The main question is as to the validity of the release produced by the defendant. If the plaintiff is bound by that release then he has no case. It was in form a full release of the cause of action and there was a sufficient consideration. It was signed by the plaintiff. The plaintiff's contention that when he signed he did not know and understand its tenor is supported, if at all, only by the merest scintilla of evidence, and is so inconsistent with all the other evidence in the case, including the circumstances about which there is no dispute, that it must be held as matter of law that the evidence taken as a whole would not have justified a finding in his favor upon that part of the case. He must be held to have known and understood the tenor of the release at the time he signed it. If therefore the case rested here, the exceptions would have to be overruled.

But the case does not rest here. The plaintiff made one other claim, and that was that the release was obtained by the fraudulent representations and deceit of the defendant, its servant or servants. The plaintiff was not deceived by any representation as to the tenor of the paper. But he contends that he was told by one Endicott, who procured the release for the defendant, that his (the plaintiff's) counsel said that it was all right to sign the release, and that in reliance upon that statement he signed. It is true that Endicott denied making any such statement, but without repeating the evidence in detail we are of opinion that the evidence would have justified a finding that in substance such a statement was in fact made by Endicott. So far the plaintiff was allowed to go, but to maintain this part of his case it was necessary for him to go farther and to show that the statement was false and fraudulent, and that the plaintiff signed the release in reliance upon it. He produced one of the members of the firm who were his counsel, and offered to show by him that the statement alleged to have been made by Endicott

was not true. This evidence was excluded. The plaintiff offered further to prove by his own testimony that he relied upon the representation of Endicott that his counsel said it was all right, but questions put to him for the purpose of drawing out that evidence were excluded and he was not allowed to testify to this effect.

If the plaintiff was induced by false and fraudulent statements of Endicott as to what was the advice of his counsel in respect to the proposed release, then we think there was fraud as to a material matter. The plaintiff was grievously hurt and confined to his bed. Upon the evidence the jury could have found that he had placed his case in the hands of counsel and was content to rely upon their judgment. To tell such a man at such a time that the advice of his counsel was that the proposed release was all right was to place before him one of the strongest inducements to act. While it might be true that he might have regarded the sum he received for his release as an entirely inadequate compensation for his injuries, yet he could know but little of the chances he would have in an action at law, and hence might accept in settlement a sum much smaller than but for such advice he would have demanded.

Under the circumstances we think that the evidence offered to show that the statement, if made, was false, as well as the evidence offered to show that the plaintiff signed the release in reliance upon the statement, was admissible, and that its exclusion was error.

*Exceptions sustained.*

*W. R. Bigelow*, for the plaintiff.
*J. Lowell & J. A. Lowell*, for the defendant.