[No. 8571. Department One. March 1, 1910.]

CHARLES W. ERICKSON, *Respondent*, v. GREAT NORTHERN
RAILWAY COMPANY, *Appellant*.[1]

RELEASE AND DISCHARGE—EXECUTION—EVIDENCE—SUFFICIENCY. In
an action for personal injuries sustained by a railroad brakeman,
the evidence conclusively shows a valid release and settlement,
barring the right to recover, where it appears that the plaintiff
received $225 and signed a typewritten release and discharge, show-
ing just above the signature a statement that he had read the release
and fully understood it; that plaintiff must have been mistaken in
his testimony that he received the money only as a donation and
signed a blank sheet of paper so folded as to show only four blank
lines; that the release signed could not have been so folded; that
the nurse and physician, who witnessed the release, corroborated the
defendant's claim agent in the statement that the release was read
and signed by the plaintiff; and that plaintiff subsequently wrote
letters referring to the settlement; no claim being made of fraud
or that plaintiff was overreached or advantage taken of his condi-
tion.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered August 12, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for injuries sustained by a brakeman in a fall from
a train. Reversed.

*F. V. Brown, L. F. Chester, J. J. Lavin,* and *E. M. Carr,*
for appellant.

*Plummer & Latimer,* for respondent.

MORRIS, J.—Respondent brought this action to recover for
injuries sustained in falling or being thrown from one of
appellant's trains upon which he was acting as brakeman,
the negligence alleged being excessive speed of the train and
poor track and roadbed. Appellant denied negligence, and
among other affirmative defenses pleaded a full settlement
and release upon the payment of $225. Respondent admitted

[1]Reported in 107 Pac. 365.

receiving such sum from the company, but denied that it was given him in any release or settlement of his claim against the company, and averred it was a voluntary payment by the company, given as a donation because of his loss of time and a friendly feeling toward him, and because it was desired to retain his good will and to have him enter its employment upon his recovery. At the conclusion of the evidence, the appellant challenged its sufficiency to sustain a verdict; which motion being denied, the case was submitted to the jury, and a verdict was returned in favor of respondent in the sum of $1,250. Appellant then moved for judgment *non obstante veredicto*, which was denied, and it then appealed, the questions presented here being the correctness of the court's ruling upon these two motions.

In determining these questions, the only thing that need be considered is the alleged settlement and release. The injury happened June 14, 1907, at or near Shelby, Montana. Respondent was taken to Whitefish, where he was placed in a hospital and given medical aid and attention. On July 19, respondent says, he was called on by Mr. Bissell, the general claim agent of the company, who told him that he had talked with the doctor concerning his condition and learned that he was all right; that he had no claim against the company, but that the company "always treat the boys all right and I will give you as a donation $225"; that Bissell wrote a check for that amount, which he indorsed, and Bissell then left the room and soon returned with $225, which he gave to respondent and, saying he would have "to have something to show what he had done with the money," he produced some papers and requested respondent to sign them; that the papers were folded up, but there was nothing on them, and that the paper signed by respondent was a blank; that at the time no one was present except his wife, Bissell, and himself.

The facts as disclosed and conclusively shown in the record, make it appear that respondent was very forgetful in giving

the above testimony.  The paper identified by respondent as like the "folded paper" shown him by Bissell, folded in such a way, as to show only lines for witnesses and signature, is a regulation "release of damages" form of the appellant company, and as identified by respondent nothing could be seen thereon except four blank lines ; while the release in the record to which respondent attached his signature is a thin sheet of typewriting paper that cannot be folded in the manner described by respondent.  Neither could it, on account of its thinness, be folded in any manner but what it would disclose that it contained matter written thereon by a typewriter ; and just above the line of signature, plainly showing if folded as respondent describes, are the words, "I have read the above release and fully understand the same."  This paper, as now in the record, is still apparently folded in its original creases, and as so folded is at variance with the testimony of respondent.  It bears date on the 20th of July, and is in effect a full settlement and release of all damages and claim for damages growing out of the injury.  It is witnessed by Edward Tenner, traveling claim agent of appellant, who testifies he was the one who effected the settlement ; that on the 20th, having been informed of the amount agreed upon between Bissell and respondent, he prepared the release upon a typewriter, in duplicate, and taking the release and a draft upon the treasurer of the company in the sum of $225, he went to the hospital, called Dr. Lees and Mrs. Bryant, a nurse, into respondent's room, telling them the purpose for which he was there, and read the release to Erickson ; that he then placed the release, the receipt, and the draft open upon a stand in front of Erickson and that Erickson himself read them and then signed them with a fountain pen procured from Dr. Lees ; that Dr. Lees, Mrs. Bryant and himself then signed as witnesses, and that he then paid Erickson the $225 in cash.  In all this he is corroborated by Dr. Lees and by Mrs. Bryant, except that Mrs. Bryant is not positive as to hearing the papers read.  The receipt

signed by Erickson could not be folded as indicated by Erickson in his testimony, it being upon a heavy piece of paper, still showing the original fold. The draft indorsed by respondent is also in the record, and is signed by Tenner, not by Bissell. On August 11 respondent wrote a letter to Bissell in which he refers to this settlement: "When you were at Whitefish and I settled." Again, "I trust you will give me time until well, as stated in settlement."

Respondent does not attack the settlement upon the ground of fraud or that he was overreached or advantage was taken of his physical condition, thus raising a triable issue for the jury; but his position in his pleading and in his testimony was that he never did make any settlement or sign any release. It appears that in this he was mistaken; that he not only executed a full release and settlement on July 20, but in subsequent letters to the company, asking for favors, sets forth the settlement and release as a reason why the favors should be granted. There is other substantiating testimony in the record which we do not care to take time or space to refer to. It is sufficient that it is conclusively shown that the release and settlement was made, and there being no fraud or other nullifying circumstance shown, it is conclusive of the cause of action and should have been so held by the court below upon the challenge to the sufficiency of the evidence, and upon the motion for judgment. And for such error, the judgment is reversed, and cause remanded with instructions to dismiss.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.

FULLERTON, J., concurs in the result.