[No. 8569.]

ARKANSAS VALLEY RY., LIGHT & POWER CO. v. EBELING.

RELEASE—*Execution Denied—Evidence.* Servant claiming to have sustained an injury which he attributed to the negligence of the master, asserted a claim for damages. The master denied liability. After many interviews the servant accepted a sum offered by the master, and executed a release. He then returned to the service and continued therein for more than one year, performing service, and receiving his wages, making no complaint in respect to the injury. Subsequently he instituted an action, and testified upon the trial that he had no recollection of the adjustment, or any negotiations for settlement, or the execution of the release, but not denying his signature

or claiming that any misrepresentations had been made to him, or any solicitation or improper inducements on the part of the master. *Held*, that the plaintiff had not sustained the burden resting upon him to overthrow the release, and that defendant was entitled to a directed verdict. (108.)

*Error to Pueblo District Court.* Hon. J. E. RIZER, Judge.

Mr. WILLIAM J. MILES, for plaintiff in error.

Mr. LYMAN I. HENRY, and Mr. W. S. PALMER, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

The parties in this opinion will be denominated as in the court below, plaintiff and defendant.

Plaintiff was injured by reason of coming in contact with an electric wire carrying a high voltage current, while employed by the light company, for which injuries he brought suit, recovered judgment, and defendant brings the case here on error.

Ebeling, being employed by the light company as an assistant "trouble man," was sent to repair a light switch in a private residence July 27, 1912, where the accident occurred. A few days later he went to the office of the company and wanted to know of its officers what they were going to do for him in the way of settlement for his injuries, and was told that they would pay his expenses incident to the accident, and give him $75.00. This, he said, was not enough, and then declined to accept the offer. Shortly thereafter, he went again on the same errand, which resulted as before. He made frequent visits for a like purpose, and August 16, 1912, advised the company that he would accept the offer. Whereupon the following document was prepared:

"Whereas, I, Louis Ebeling, of the city of Pueblo, county of Pueblo, and state of Colorado, was injured on or about the twenty-seventh day of July, 1912, while in the employ of the Arkansas Valley Railway, Light & Power Company, under circumstances which I claim render my said employers liable to me in damages; and whereas, my said employer denies any liability for said injuries; and whereas, both parties desire to compromise, and have agreed to adjust and settle the matter for the sum of seventy-five and no-100 dollars;

Now, therefore, in consideration of said sum, which it is hereby acknowledged has been to me or in my behalf paid by my employer, I do hereby compromise said claim and release and forever discharge my said employer, their agents and employes from any and all liability by reason of said injuries. Employment has not been promised me as a condition of this settlement.

Witness my hand and seal this 16th day of August, 1912, at Pueblo, Colorado.

·LOUIS EBELING    (Seal)

F. W. INSUL,
E. F. STONE,
        Witnesses."

This instrument after being read to plaintiff, was handed to him for examination, and after having it a sufficient time for, and apparently reading it, he signed it in the presence of two witnesses. September 9 or 10, 1912, Ebeling returned to his former work and continued in the company's employ until the latter part of May, 1914, when he gave up his position, and commenced this action July 17, 1914. He testified on the trial that he had no memory of any negotiations for a settlement, or of signing the release; that at that time his memory was a blank; that he came out of this period of lost memory in December, 1913. At the conclusion of the evidence, de-

fendant moved for a directed verdict, which was over-ruled, and upon this point a reversal is asked.

The only reason given by plaintiff why he should not be bound by the settlement and release, is because, as he avers, he did not remember signing it, though he does not deny his signature. He does not claim fraud, misrepresentations, improper inducements or solicitation on the part of the company; he simply says he has no recollection of the settlement or of signing the release. The evidence shows that he went to the company's office day after day, where he solicited the settlement; that he remained in the company's employ as before, for a long time thereafter, performing his labor and receiving his pay as other employes, and, aside from his statement, there is no evidence to show that he did not understand the transaction. Plaintiff resumed his old position and worked for the company as before, for a year and a half after the accident and settlement, and made no complaint in any way or intimated that he had not been fully compensated for his injuries. We are of the opinion that he did not sustain the burden of showing that his settlement and release were without binding effect, and the motion for a directed verdict should have been sustained. —*St. Louis Co. v. Campbell*, 85 Ark. 592, 109 S. W. 539; *St. Louis Co. v. Morgan*, 107 Ark. 202, 154 S. W. 518; *Clark v. American Bridge Co.*, 180 Ill. App. 134; *Nason v. Chicago Co.*, 149 Iowa 608, 128 N. W. 854; *Owens v. Norwood White Coal Co.*, 157 Iowa 389, 138 N. W. 483; *McNamara v. Boston Co.*, 197 Mass. 383, 83 N. E. 878; *Hulbert v. National Dock Co.*, 201 Mass. 239, 87 N. E. 577; *Valley v. Boston Co.*, 103 Me. 106, 68 Atl. 635; *Barrett v. Lewiston Co.*, 104 Me. 479, 72 Atl. 308; *Borden v. Sandy River Co.*, 110 Me. 327, 86 Atl. 242; *Anderson v. Meyer Bros. Drug Co.*, 149 Mo. App. 554, 130 S. W. 829; *McLaughlin v. Syracuse Co.*, 115 App. Div. 774, 101 N. Y. Supp. 196; *Shaw v. Delaware Co.*, 126 App. Div. 210, 110

N. Y. Supp. 362; *Griffith v. American Bridge Co.*, 157 App. Div. 264, 142 N. Y. Supp. 199; *West v. Seaboard Air Line Co.*, 154 N. C. 24, 69 S. E. 676; *Erickson v. Great Northern Co.*, 57 Wash. 520, 107 Pac. 365; *Schiefelbein v. Fidelity Co.*, 139 Wis. 612, 120 N. W. 398; *De Mark v. Milwaukee Co.*, 142 Wis. 624, 126 N. W. 13; *Schweikert v. Davis Co.*, 147 Wis. 242, 133 N. W. 136; *Rayborn v. Galena Co.*, 159 Wis. 164, 149 N. W. 701; *St. Louis Co. v. Bowles*, (Tex. Civ. App.), 131 S. W. 1176.

The judgment is reversed and the cause remanded with directions to the lower court to dismiss the action.

*Reversed and Remanded.*

Mr. JUSTICE WHITE and Mr. JUSTICE SCOTT concur.