### PROOF REQUIRED TO SET ASIDE A RELEASE.

Court of Appeals for Hamilton County.

THE EDWARDS MANUFACTURING COMPANY v. HENRY PERRY.

Decided, May 28, 1915.

*Written Release to Employer on Account of Injuries Received—Fraud Charged in Obtaining it—Charge of Court as to Evidence Required to Overcome Release.*

The presumption of truth that follows a written release with a covenant indemnifying and saving harmless the covenantee from other or further claim for damages of any kind and injury resulting from the accident which caused the injury, can be overcome only by clear and convincing evidence, and an instruction to the jury that such presumption can be overcome by a preponderance of the evidence is prejudicial error.

*Aaron A. Ferris* and *Thos. H. Morrow,* for plaintiff in error.
*Thos. L. Michie,* contra.

CARPENTER, J.; MEALS, J., and GRANT, J., concur (sitting in place of Judges Jones, Jones and Gorman).

This cause comes into this court on error to the Superior Court of Cincinnati.

The action was brought to recover damages incurred by defendant in error through the alleged negligence of plaintiff in error. In its answer plaintiff in error set up a release executed by the defendant in error, in the presence of two witnesses, releasing and discharging said company from all liability, and also indemnifying and saving harmless said company from any

other or further claim for damages of any kind and injury resulting from said accident.

In his reply the defendant in error admitted the execution of said instrument, but alleged that by reason of the fraudulent acts of the plaintiff in error, it was void.

The only ground of error which we consider necessary to be reviewed in this case arises out of the following portion of the court's charge:

"The burden of proof is upon plaintiff to show by a preponderance of evidence, that the minds of himself and the defendant, or the defendant's agent acting in its behalf, did not at the time meet upon the subject, so that they were not to the knowledge of the defendant, considering the same sort of an instrument. In this connection, it is proper to bear in mind that fraud is not presumed in a written instrument such as the one under consideration, as *prima facie* evidence of the truth of the contents of such instrument, that is, it affords a presumption that the recitals contained therein are true. The burden of proving want of knowledge of its contents and fraud is as indicated, upon the party who alleges the fraud, and he must prove it by such testimony as will suffice to overcome this presumption and establish his contention by a preponderance of the evidence."

It is claimed by the plaintiff in error that the court erred in charging that a preponderance of the evidence is sufficient to overcome the presumption that the recitals contained in said written release are true, and that the court should have charged that such presumption should have been overcome by clear and convincing evidence.

From the record of the case we are informed that the court, in so charging, relied mainly upon the following cases: *Jones* v. *Greaves*, 26 O. S., 2; *Landis* v. *Kelley*, 27 O. S., 567; *Lyon* v. *Fleahmann*, 34 O. S., 151, and *Strader* v. *Mullane & Johnson*, 17 O. S., 625.

The fraud practiced in the case of *Jones* v. *Greaves, supra,* was that after the making of the original contract, the defendants fraudulently altered the written proposals for bids by inserting therein "in charcoal tin." The court refused to charge in that case that the jury must be satisfied beyond a reasonable

doubt, but did charge that a preponderance of the evidence would be sufficient to prove the same. The eminent judge who wrote the opinion in this case relied upon the authority of *Strader* v. *Mullane & Johnson,* 17 O. S., 625.

In the Strader case the same issue arose from the allegation that the plaintiff had fraudulenty given short weight. It was held that the court in that case erred in charging the jury that the fraud charged must be proven beyond a reasonable doubt.

In the opinion of Judge McIlvaine in *Jones* v. *Greaves, supra,* he takes occasion to remark:

"Of course, we are not now speaking of those enormous crimes, where all personal injury is merged in the public wrong; *nor do we intimate that in all civil actions the issues should be determined by a mere preponderance of the testimony offered on the trial, however slight.*"

The case of *Landis* v. *Kelley* arose out of a proceeding to obtain relief against a contract by which plaintiff in error in that case had been fraudulently induced to part with certain parcels of land. The court in that case held that a preponderance of evidence was sufficient.

It will be observed that the class of facts in all the cases upon which the trial court in the case at bar relied, is not, to say the least, similar to that in the case at bar. Here we have a written instrument agreeing to release plaintiff in error from any and all liability, and further covenanting and agreeing that he—the plaintiff below—will indemnify and save harmless the plaintiff in error from any other or further claim or claims, etc., resulting from said accident, which instrument is signed and sealed by said Henry Perry, the plantiff below, and attested by two witnesses.

The question arises whether or not the case at bar so differentiates itself substantially from all the cases upon which the court evidently based its charge, as to warrant the trial judge in charging the jury that a preponderance of the evidence was sufficient.

We are not unmindful of the serious duty cast upon this court in attempting to declare the law on this subject. It is incum-

bent upon us to follow the rule as marked out by the Supreme Court of this state.

It must be evident to any lawyer or jurist that the degrees of evidence required to establish facts graduate from the ordinary civil cases, where there is no legal presumption either way, to those where a presumption of ordinary significance begins, and continues along the line of cases of more serious import, until we reach the highest presumption of innocence in the law, namely, that of the crminal case, where the evidence must not only be clear and convincing, but also beyond a reasonable doubt.

Is it not true that a written instrument which imports of itself a deliberation before its execution, would require a more convincing quality of evidence to overcome the presumption, than such class of cases as those arising out of the cases to which reference has been made? The next higher grade of evidence of which the books speak is that of clear and convincing testimony, and inasmuch as a written instrument which appears to be solemnly executed, such as the one in the case before us, carries with it a stronger presumption, is it not reasonable that testimony of a more convincing character should be required to overcome that presumption than in the class of cases heretofore refered to?

In the case of *Potter* v. *Potter, Exec.*, 27 O. S., 83, the court say:

"When the reformation of a written instrument is sought on the ground of mistake, the presumpton is so strongly in favor of the instrument that the alleged mistake must be clearly made out by proofs entirely satisfactory, and nothing short of a clear and convincing state of fact, showing the mistake, will warrant the court to interfere with and reform the instrumnet. This principle rests upon the soundest reason and upon undisputed authority, and if not adhered to by the courts, or, when plainly disregarded, is not enforced by reviewing courts, the security and safety reposed in deliberately written instruments will be frittered away, and they will be left to all the uncertainty incident to the imperfect and 'slippery' memory of witnesses."

In the case of *Ford* v. *Osborne*, 45 O. S., 1, the first clause of the syllabus is as follows:

"1. Where it is claimed by the wife that a deed, signed by her husband and herself as a conveyance of her lands, had not been acknowledged by her as it purports to have been, the burden is upon her to show the fact by clear and convincing proof; a mere preponderance of the evidence is not sufficient to support a finding contrary to the certificate of acknowledgment."

The court in its opinion say:

"The burthern on the plaintiff required her to meet and overcome the evidence afforded by the certificate of the notary, supported by the attestation of the witnesses, that she appeared before him as an officer and acknowledged the deed. It stands to reason that, in the absence of any thing to impeach the integrity of the officer and the witnesses, no slight importance should be attached to such evidence; because it is the evidence of an act done in pursuance of law, and which can be attested and proved in no other way. In other words, it is the evidence required by law of the execution and acknowledgment of a deed."

This case is referred to in numerous decisions subsequent; and in the case of *Olinger* v. *McGuffey*, 55 O. S., 661, the court refers to the case of *Ford* v. *Osborn* as its doctrine for the authority of its opinion, for the court say:

"The court is of the opinion that there is error shown by the record for which the judgment should be reversed, in this, to-wit: That the said James W. Meek in his answer and cross-petition avers that the note on which the suit is brought had been paid off and extinguished, and that the indorsement on the note was placed thereon merely as a memorandum at the request of John G. McGuffey, and not to pass the title to the note, which was denied in the reply of the plaintiff. The burthern of this issue was on the said James M. Meek to establish the same, not by a mere preponderance of the evidence, but by clear and convincing proof. From an examination of the evidence there does not appear to be such proof, and the court must have been of the opinion that such proof is not necessary and that a mere preponderance is all that is required."

In the case of *Perry* v. *O'Neil Co.*, 78 O. S., 200, while the court does not distinctly decide the question, yet the leading authorities referred to in the opinion, such as the 71st Wis., 391;

139 Mo., 440, and 190 Pa. St., 430, are pronounced in their view as requiring the presumption to be overcome by clear and convincing proof.

It must be admitted that in the cases relied upon by the court below in overruling the motion for a new trial, not one of them had in consideration a written release of the character of that in the case at bar, whereas in those decisions in which releases of this nature have been considered by the courts, they have quite generally held the doctrine of clear and convincing testimony to be necessary in order to set them aside.

Therefore, from the reason that the presumption is so strong in favor of the truth in written instruments, and that the weight of authority is that the presumption in written instruments of this class must be overcome by clear and convincing testimony, we are of the opinion that the court erred in charging that such presumption may be overcome by a preponderance of the evidence.

The case is therefore reversed and remanded to the superior court for further consideration.

---

### PROOF OF CONSIDERATION FOR A PROMISSORY NOTE.

Court of Appeals for Columbiana County.