Richards, J.
The original action was brought in the court of common pleas by Walter Pickle to recover for personal injuries claimed to have been suffered by him. Pie wasx employed in the construction of a trench adjacent to Bethesda hospital in the city of Cincinnati, and was injured by the banks of the trench caving in. The case has been three times tried in the court of common pleas, the first two juries failing to agree on a verdict, and the last jury returning a verdict in favor of the plaintiff for $500, on which verdict judgment has been entered.
In the court of common pleas the defendant, John P. Jones, in his answer set up a release of *34 the cause of action, claimed to have been given by the plaintiff to him before suit was brought, under which release he had paid the plaintiff the sum of $45 and had paid the hospital bill amounting to $66.20. The plaintiff in his reply sets up facts which, if true, show that the alleged release was void because of the fraudulent representations of the defendant in inducing him to believe that the instrument which he signed was simply a receipt for some money which was being paid to him.
We have given careful consideration to all the assignments of error shown by the record, but it will not be necessary to discuss them all in detail.
Among other things it is contended that the judgment should be reversed because of misconduct of plaintiff’s counsel in argument to the jury. The language used in the argument was not entirely justifiable, but was not so prejudicial as to require a reversal of the judgment. These remarks are undertaken to be introduced into the bill of exceptions by affidavit, and, in view of what was said by the supreme court in State of Ohio v. Young, 77 Ohio St., 529, some doubt may well exist as to whether these remarks are properly a part of the record. o
Many exceptions are scattered through those portions of the bill of exceptions which contain the oral testimony of witnesses. These exceptions are too numerous to have separate mention. We are of opinion that the trial judge was in error in rulings made by him excluding evidence as to the opinions of witnesses concerning the mental condition of Walter Pickle at the time he executed the alleged release. These witnesses detailed in their *35 testimony the conversations they had with him on that occasion, and what he did and how he acted, and should have been permitted, after giving the details of what there occurred, to give their opinions as to his mental condition on the occasion when it is said he executed the release.
The trial court charged the jury that the burden of proof rested on the- plaintiff to prove by clear and convincing evidence that the release, as set forth in the amended answer, was void and of no effect in law as a release. If the contention of the plaintiff were true that the instrument was no more than a receipt, and that he was fraudulently induced to believe that he was signing a receipt, and so misled into signing a release, then the instrument would be absolutely void. The quantum of evidence stated by the trial judge as necessary in order to invalidate a release claimed to have been obtained by fraud is in accordance with the rule announced in the case of The Edwards Manufacturing Co. v. Perry, 4 Ohio App., 390, where it is said that such release can be overcome only by clear and convincing evidence. This rule appears to be laid down also in the following authorities: 11 Ency. of Evidence, 167; 2 The Modern Law of Evidence, by Chamberlayne, Section 1011; Steffen v. Supreme Assembly of Defenders, 130 Wis., 485, and Demark v. Milwaukee Elec. R. & L. Co., 142 Wis., 624, 126 N. W. Rep., 13.
All of the members of this court are not prepared to agree that this is the proper rule as to the amount of evidence required in such cases, but all are agreed, in view of the decision in 4 Ohio *36 App., supra, that the rule as. announced should be followed.
It is claimed that the plaintiff could not maintain this action because of his failure to allege and prove a tender before beginning the action. The existence of the- release, and the fact that some money was paid to the plaintiff, were not mentioned in the petition, but first appeared in the pleading filed by the defendant. The facts alleged in the reply would, if true, render the instrument void as a release, and not merely voidable. Under these circumstances, and in view of the holding of the supreme court in Perry v. The M. O’Neil & Co., 78 Ohio St., 200, that such a release does not need to be set up in the petition, but that the issue can be made by filing a reply when the same shall have been pleaded in the answer, we hold that no tender was necessary. Surely, if the plaintiff was not required to plead or even -mention the execution of the_ release, he should not be required to aver a tender back to the defendant of any amount received pursuant to such release. See Robinson et al. v. Easton, 14 C. C., N. S., 87.
From an examination of the evidence contained in the bill of exceptions, we are satisfied that the verdict is not sustained by the evidence, in so far as it involves a finding that the release should.be set aside for fraud.
In view of the fact that this action must be remanded to the court of common pleas for a new trial, we follow our usual practice and refrain from commenting on the evidence; and this we do for the reason that such comment might be unfairly used on a .retrial of the action.
*37 For the reasons given, the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Chittenden and Kinkade, JJ., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Jones, Gorman and Jones of the First Appellate District.