## MARTIN ET AL. *v.* SENTKER.

*Presumptions — Negligence — Roller coaster leaves track — Evidence admissible under pleaded injuries — Pleading void release for damages — Tender back of money, unnecessary, when.*

1. In an action for damages for injuries received in an amusement park while a passenger on a device commonly known as a coaster, the injury having been caused by the car leaving the track while rounding a curve, a presumption of negligence arises on the part of the defendant, and when the evidence is conflicting the question is for the jury.
2. Where the petition in a personal injury case alleges generally injuries to the abdomen and the internal organs thereof, testimony tending to prove injury to the uterus is admissible.
3. A void release may be ignored in plaintiff's petition, and, when relied upon by the defendant in his answer, the plaintiff by reply may set up the facts which render the release void. A tender back of money received under a void release is not a condition precedent to a right of recovery.

(Decided January 11, 1918.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Walter W. Helmholz* and *Messrs. Pogue, Hoffheimer & Pogue,* for plaintiffs in error.

*Mr. Michael Minges* and *Mr. Albert A. Graeff,* for defendant in error.

LIEGHLEY, J. The parties stood in reverse order in the court below and for convenience will be mentioned herein as they there stood.

The defendants, Isaac M. and Jacob M. Martin, were operating an amusement park known as Chester Park at the time involved in this law-suit. The plaintiff, Agnes Sentker, received some bodily injuries while a passenger on the rear car of a three-

car train on a device known as the "Tango Dips," commonly known as a coaster. The rear car of said train left the track while the same rounded a curve, and plaintiff was injured. Suit was brought in the court below to recover damages for her injuries, and, upon trial, resulted in a verdict and judgment of five hundred dollars in her favor, from which error is prosecuted to this court to reverse the same.

It is claimed that there is error in the record in the refusal of the court to direct a verdict in favor of defendants, and that the verdict and judgment are manifestly against the weight of the evidence.

It is agreed that in this case the doctrine of *res ipsa loquitur* applies. The verdict of the jury eliminates any question of plaintiff's negligence for the purposes of this proceeding. The circumstances of the case raise a presumption of negligence on the part of the defendants. The law is well settled that the defendants need not establish that they were not negligent, but need only offer such proof as fairly rebuts the presumption of negligence raised by the doctrine applied. *Klunk* v. *The Hocking Valley Ry. Co.,* 74 Ohio St., 125.

The defendants introduced proof of the extent of their inspection of the appliances used, and of the manner of construction of the same, and of tests made before and after the accident, and that the appliances were free from defect, etc. Proof also was offered tending to show that this train was equipped with brakes and that the same could be controlled thereby from the platform. It was claimed by plaintiff that no control was exercised over the train, on the rear car of which she was riding, and that the same was permitted to proceed

at an excessive rate of speed upon a track that was to some extent oiled. The circumstances of the case developed considerable complication, and abound in conflicts sufficient to satisfy us that all reasonably prudent men would not reach the same conclusion about the case. This being distinctly true the question was one for the jury. Briefly stated, under the circumstances a presumption of negligence on the part of the defendants arose; the defendants offered proof to rebut that presumption; the defendants claim the court should say that the proof offered by them amounts to a fair rebuttal of the presumption. The jury, by their verdict, under the charge of the court directed thereto, said that the proof offered by the defendants did not rise to and was not a fair equivalent of the presumption. Then, too, the jury may have believed and decided that the failure to use the means at hand to control the train in its progress from attaining an excessive rate of speed, as claimed by plaintiff, was negligence. We think that the question of whether or not the evidence in this particular case offered by the defendants rises to the dignity of a fair rebuttal of the presumption is a question for the jury, and especially so in this case in view of the complications and substantial conflicts in the proof.

This question was fairly submitted to the jury. The charge in some degree seems to follow the language of the leading cases on the subject, and correctly so. And we are content with the verdict. *The Cincinnati Traction Co.* v. *Holzenkamp*, 74 Ohio St., 379, and *Ohio Traction Co.* v. *Flynn, Admx.*, 26 C. C., N. S., 250.

Defendants claim the trial court erred in the admission of evidence in respect to her injuries. The petition alleged generally injuries to her abdomen and the internal organs thereof. Proof was admitted tending to show injury to her uterus. It is claimed that the admission of this proof under the general allegation was prejudicial to the defendants. If injury to the uterus is one that would naturally and probably follow, and may be reasonably anticipated to follow, severe injuries to the abdomen and the internal organs thereof, then these defendants can not be prejudiced by the admission of the proof. Under the authorities we think the trial court was right in admitting this testimony. Many authorities are collected on this subject under the heading "Damages," in 1 Bates Pleading, Practice and Forms, page 285.

Defendants claim that the judgment should be in their favor for the reason that the plaintiff did not tender back the amount of money received by her in settlement of her claims by way of an alleged release.

The release first appears in the case in the answer of the defendants. The reply of plaintiff denies the execution of the release in the first instance, and further claims that if her signature was obtained thereto she was mentally incapacitated at the time of signing the same of knowing that she did sign it or of understanding what she was signing. The court submitted to the jury the question of whether or not the plaintiff signed the release; also, the question, if she signed it, whether she was mentally incapacitated at the time, establishment of which claim was placed on plaintiff. The jury resolved these

issues in favor of the plaintiff. If the plaintiff did not sign the release, or signing it did not know what she was signing or that she signed it, in either event the release was void *ab initio.* The verdict of the jury under the clear and comprehensive charge of the trial court upon this question established that this release was void.

We think the law is well settled that if this release was voidable only the plaintiff would be obliged to plead the release and the grounds for avoiding the same in her petition, and tender back the money received. The plaintiff may ignore a void release in her petition, and when relied on by the defendants in answer may by reply set up the facts which render said release void, and no tender of any money received is a condition precedent to a right of recovery. *Perry* v. *The M. O'Neil & Co.,* 78 Ohio St., 200, and *Jones* v. *Pickle,* 7 Ohio App., 33.

We find no error in the record prejudicial to the rights of the defendants, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.

Judges of the Eighth Appellate District, sitting in place of Judges JONES, GORMAN and HAMILTON of the First Appellate District.