No. 640

CARTER v. CAMPBELL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5497. Decided Feb. 23, 1925

997. REAL ESTATE—1. Where broker has procured purchaser of, for his principal, who refuses to complete sale, broker is entitled to his commission under agreement with principal.

2. Duty of vendor to object if terms of sale are unsatisfactory to him.

SULLIVAN, J.

Warren C. Campbell brought his action in

## STATE COURT OF APPEALS, Continued

the Cleveland Municipal Court against Amos C. Carter, for services rendered by him as a broker, for procuring a purchaser of certain premises. It was alleged specifically that Carter employed Campbell to find a purchaser and lease for "eight and one-half years at $15,000 for the property, and a rental of the premises to be leased for $6000 a year, and Carter agreed to pay Campbell a commission of $1950 therefor."

It was alleged further that a purchaser was procured, willing and able to make said purchase and lease at said price, and Carter was informed but refused to pay the commission agreed upon, claiming that all the terms of the contract had not been complied with by Campbell. Judgment in the Municipal Court was rendered in favor of Campbell. Error was prosecuted and the Court of Appeals held:

1. Reviewing court is precluded from reversing a verdict and judgment, if there is in the record, credible evidence to support the verdict, even though the reviewing court might differ in its view from the opinion expressed in the verdict by the jury. Some misapprehension or mistake or bias, on its part, or a wilful disregard of duty, must be indicated. Joseph v. Larkworthy, 4 O. App. 397.

2. Where evidence in a case is conflicting, reviewing court will not pass upon weight of the evidence providing there was some evidence upon all points necessary to sustain the verdict and judgment. Jacobs v. Hullinger, 8 O. App. 484; Tucker v. Friedman, 7 O. App. 539.

3. In the case where the terms of the contract are for a completed sale, the true rule is that a broker is entitled to his commission, if the purchaser is presented by him, and the vendor, his employer, enter into a valid, binding and enforceable contract.

4. There is credible evidence however, to show that the refusal to complete the sale came from Carter, the seller, instead of the purchaser.

5. "Where a broker advised his principal that he has a customer ready to buy on the terms proposed, and principal refused to contract without just cause, broker is entitled prima facie to damages, though he does not bring forward the prospective buyer." If the terms of the contract are unsatisfactory to the intending vendr, he should object on that ground and not refuse absolutely to sell, and where he fails to do so he is liable to the broker for his commissions.

Judgment of lower court affirmed.

Attorneys—Ralph Blue for Carter; Colfee, Fogg & White for Campbell; all of Cleveland.