FAY *v.* THE BUCKEYE PIPE LINE CO.

(Decided May 14, 1928.)

*Messrs. Rowley & Carpenter,* for plaintiff in error.

*Messrs. Wheeler, Bentley & Neville* and *Mr. Edgar G. Martin,* for defendant in error.

WILLIAMS, J.   The defendant in error, the Buckeye Pipe Line Company, maintains and operates pipe lines for the transportation of crude oil through Huron county, Ohio, the same being laid immediately to the north of the right of way of the New York Central Railroad Company, on adjoining land.   The plaintiff in error, John A. Fay, is the owner of a dairy farm located in Wakeman township in said county.   It appears from the evidence that in February, 1926, a pipe of the defendant in error broke on the premises of one Howard Wooster, located immediately south of the farm of the plaintiff in error.   The crude oil from the break

passed upon the premises of Wooster and into the county ditch, and flowed to and upon the farm of the plaintiff in error. The plaintiff in error, as plaintiff below, brought an action in the court of common pleas against the defendant company to recover for damages to his farm and personal property. The jury returned a verdict for the defendant, and judgment was entered thereon. In this proceeding in error the plaintiff in error seeks a reversal of that judgment upon the sole ground that the court erred in its charge.

The evidence discloses that on April 20, 1926, the defendant in error paid to the plaintiff in error $60, and the plaintiff in error executed and delivered to the defendant in error the following receipt:

"Received of the Buckeye Pipe Line Company Sixty Dollars in full of all damages to my property in Wakeman Township, Huron County, Ohio, caused by or that will result from the escape of oil from the pipe lines of said company prior to this date or acts of its employees in removing, or burning of said oil.

"[Signed] J. A. Fay."

The answer of the defendant sets up the execution and delivery of this receipt as a defense, and the plaintiff in his reply alleges:

"That the plaintiff, because of an impairment in his eyesight, being then unable to read without the use of glasses, and had no glasses with him, then asked the agent of the defendant to read to him the receipt which he desired him to sign. Plaintiff says that from the reading of said receipt by said agent, he understood that the same was simply to pay for the loss of the use of said three acres of land; and

that it was solely for loss that had occurred prior to said April 20, 1926.''

The court charged the jury as follows:

''This instrument, standing alone and of itself, as a matter of law, is a complete discharge and release by the plaintiff of any claims, against the defendant. I say, that the instrument itself, the language used standing alone and of itself, is such release. The burden is upon the plaintiff, then, to show that it is otherwise. And, to that end he has set forth in his reply certain facts and circumstances surrounding the execution of this instrument by him, which gave rise to an issue for your determination, as to the extent this instrument was binding upon him, as determining his loss that he may claim occurred from the injuries to his stock, to his lands, after the execution of this instrument.

''In that connection, he claims that at the time of its execution he did not understand its purport as applying to future damages. And, upon that, I say to you that from the evidence in this case, he was bound to understand the import of it, as having that effect.''

The court construed the receipt by its terms to have been given in full of all damages arising from oil that had escaped from the pipe lines prior to April 20, 1926, whether the oil came upon the farm of the plaintiff in error before or after that date, and charged that plaintiff was bound to understand the import of the receipt read to him.

The plaintiff in error relies upon the following authorities: *Brown* v. *Farr,* 26 C. D., 662, 19 C. C., N. S., 578; *Perry* v. *M. O'Neil & Co.,* 78 Ohio St.,

200, 85 N. E., 41; *Martin* v. *Sentker*, 12 Ohio App., 46; *Jones* v. *Pickle*, 7 Ohio App., 33.

We think the rule as to the validity of a receipt laid down in these authorities is applicable to the case, but we also think the court charged the law correctly under the issues made by the pleadings. The pleadings of plaintiff do not set out that the receipt was misread to him, or that there was fraud in misrepresenting its contents at the time of the transaction, but only allege that the plaintiff, from the reading of the receipt, understood that it was given simply for the purpose of paying for loss that occurred prior to April 20, 1926. Such misunderstanding may have occurred, although the receipt was correctly and accurately read by the agent of the defendant company. The plaintiff does not complain that he was refused leave to amend, and the court in its charge squarely submitted to the jury the issues made by the pleadings.

There is no prejudicial error apparent upon the face of the record, and the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and LLOYD, JJ., concur.