PICKLESIMER, APPELLANT, *v.* THE BALTIMORE & OHIO RD. CO., APPELLEE.

(No. 554—Decided May 3, 1948.)

*Messrs. Young & Young,* for appellant.
*Mr. G. Ray Craig,* for appellee.

CONN, J. The appeal in this case is taken on questions of law from a judgment of the Court of Common Pleas sustaining the general demurrer of the defendant to the amended petition of plaintiff and the dismissal of the amended petition.

Plaintiff alleges that he was employed by defendant and that on November 11, 1945, he sustained serious and permanent injuries as such employee by reason of the negligence of defendant; that subsequent thereto, to wit, on or about January 30, 1946, defendant's claim agent and certain doctors employed by it, falsely represented to plaintiff that he had fully recovered; that his injuries were not permanent; and that he was able to return to work.

Plaintiff alleges further that he believed these representations to be true and, relying on them as being true and in consideration of $900, he "released the defendant from all claims arising out of" the personal injuries he had received; that the amount paid by defendant was grossly inadequate; that defendant knew the amount paid by it was not a fair and reasonable sum or adequate to compensate plaintiff; and that all the representations of defendant were falsely and fraudulently made with knowledge that the same were false and made for the wrongful purpose of defrauding the plaintiff, whereby he sustained damages.

The sustaining of the general demurrer to plaintiff's amended petition is assigned as error.

The amended petition appears to contain the essential averments in setting forth a cause of action in deceit and in this respect is good as against a demurrer. However, defendant contends "that the alleged false and fraudulent representations were in the inducement which led up to the giving or execution of the release" and that the issue raised by the demurrer is that the compromise of a claim is a bar to an action.

upon the original claim "until rescinded by a tender back of the consideration of $900 paid * * *." Our attention is thus directed to the nature and character of the action set forth in the amended petition. This must be kept in mind, as it is the focal point of the issue. If we deviate at this point, the reported cases tend to lead us astray.

The instant case is not one where we are obliged to distinguish between fraud in the execution of a settlement and release of a claim accomplished by some device or trick, or where there is want of capacity, and fraud in the inducement where the execution of the instrument relied on or settlement made was accomplished by false and fraudulent representations. In the former case, the instrument is void and in respect thereto it is not necessary to return or offer to return the consideration received before maintaining an action on the original claim, whereas in the latter situation, where the settlement or release is voidable, the consideration must be returned or, at least, tendered as a condition precedent to the maintenance of an action on the original claim. In support of the foregoing propositions we cite the following authorities:

*Baird* v. *Howard,* 51 Ohio St., 57, 36 N. E., 732, 22 L. R. A., 846, 46 Am. St. Rep., 550; *Perry* v. *M. O'Neil & Co.,* 78 Ohio St., 200, 85 N. E., 41; *Flynn* v. *Sharon Steel Corp.,* 142 Ohio St., 145, 50 N. E. (2d), 319; *Jones* v. *Pickle,* 7 Ohio App., 33; *Martin* v. *Sentker,* 12 Ohio App., 46; *Bailey* v. *London Guarantee & Accident Co.,* 72 Ind. App., 84, 121 N. E., 128; 6 Ohio Jurisprudence, 551, Section 35; 134 A. L. R., 6.

As suggested above, this action is grounded on the alleged fraudulent acts of defendant. It is by reason of the alleged fraud that a new cause of action arises. Under these circumstances, the plaintiff had the right of election of remedies. He might avoid the settle-

ment and release by appropriate averments and stand on his original cause of action, or he may begin an action in deceit to recover damages for fraudulent misrepresentation, as he has undertaken to do in the instant case. 19 Ohio Jurisprudence, 439, Section 156.

Early in Ohio, in the case of *Edwards* v. *Owen,* 15 Ohio, 500, it was held that a special action on the case will lie where the holder of a promissory note was induced to discharge same for less than full payment by reason of the fraudulent representation of the obligor thereon that he was insolvent and unable to pay his debts. The first paragraph of the syllabus is as follows:

"A special action on the case may be sustained against a debtor, for fraudulently representing himself insolvent, and thereby inducing his creditor to discharge a promissory note for less than its value."

The doctrine of that case appears to be the settled law of Ohio and of many other jurisdictions.

*Bartholomew* v. *Bentley,* 15 Ohio, 659, 45 Am. Dec., 596; 19 Ohio Jurisprudence, 463, Section 183; 37 Corpus Juris Secundum, 354, Section 65; 24 American Jurisprudence, 21, Section 200.

It is our opinion that the sustaining of defendant's demurrer to the amended petition was erroneous and that the judgment of the trial court should be reversed.

*Judgment reversed.*

CARPENTER and FESS, JJ., concur.