NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3960
_____

UNITED STATES OF AMERICA

v.

COURTNEY JOHNSON,
                                        Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3-13-cr-00417-001)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2017

Before: AMBRO, VANASKIE, and SCIRICA, Circuit Judges

(Opinion filed: March 15, 2017)
_____

OPINION*
_____

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Following a jury trial, Courtney Johnson, a certified public accountant, was convicted of six counts of aiding and assisting in the preparation of false federal income tax returns in violation of 26 U.S.C. § 7206(2). The District Court imposed a sentence of 48 months' imprisonment, one year of supervised release, a $50,000 fine, $10,280 in restitution, and a $600 special assessment. Johnson raises six issues on appeal. Three concern his indictment, trial, and conviction; the other three relate to his sentence. We address each in turn.

None of Johnson's arguments about the process leading to his conviction are persuasive. However, at least one of the objections to his sentence is. Accordingly, we affirm Johnson's conviction but vacate his sentence and remand for resentencing.

## I.    STATUTE OF LIMITATIONS

Johnson contends that several of the charges relating to tax returns he prepared and submitted to the Internal Revenue Service on April 15, 2008, were filed after the applicable statute of limitations had run. Our review of the District Court's interpretation of the statute of limitations is plenary. *United States v. Midgley*, 142 F.3d 174, 176 (3d Cir. 1998). However, "the statute of limitations does not go to the jurisdiction of the court but is an affirmative defense that will be considered waived if not raised in the district court before or at trial." *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir. 1986); *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (statute of limitations "is a defense that becomes part of a case only if the defendant presses it in the district court").

In his pretrial motion, Johnson argued that "the statute of limitations bars [him] being prosecuted for any allegedly fraudulent tax return before June 19, 2007." J.A. 42

2

(emphasis in original); *see also* Suppl. App. 56-57 (restating the same at motions hearing). On appeal, Johnson contends that the statute of limitations should have precluded his prosecution for aiding and assisting the filing of false income tax returns on April 15, 2008. The Government argues that Johnson has failed to "make the same argument in the District Court that he makes on appeal," *United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013), and thus has waived it.

We need not, however, reach the question of whether Johnson's reference to an earlier cut-off date was enough to preserve his current argument because all relevant charges were timely filed. The four counts Johnson questions relate to tax returns filed on April 15, 2008. Those counts have an applicable statute of limitations of six years, 26 U.S.C. § 6531(3), which began to run when the returns were filed, *U.S. v. Habig*, 390 U.S. 222, 223 (1968), and would ordinarily have expired on April 15, 2014. However, Johnson agreed to toll the limitations period for 175 days, until October 7, 2014. Suppl. App. 24-29. The Government filed its initial Indictment on June 19, 2013 and a Superseding Indictment on June 11, 2014. Thus, both were filed within the limitations period as extended by the tolling agreement.

Yet Johnson contends that, when the Government filed a Second Superseding Indictment after October 7, 2014, the charges against him became barred as untimely. When "the government has filed a superseding indictment, the day on which the original indictment was filed controls for statute of limitation purposes, provided that . . . the superseding indictment does not materially broaden or substantially amend the charges[.]" *United States v. Oliva,* 46 F.3d 320, 324 (3d Cir.1995); *United States v.*

3

*Friedman*, 649 F.2d 199, 204 (3d Cir. 1981) ("a superseding indictment returned while the original indictment is validly pending is not barred by the statute of limitations if it does not expand the charges made in the initial indictment"). Thus, charges in the Second Superseding Indictment relate back to those in the previous Indictments, unless the later Indictment "materially broaden[ed] or substantially amend[ed] the charges" against Johnson. *Oliva*, 46 F.3d at 324. He contends that it did.

Johnson points to several differences between the Second Superseding Indictment and the prior Indictments. Not one is compelling. First, he notes that the Second Superseding Indictment added two new counts of aiding and assisting in preparation of a false return. But these two counts arose from tax returns filed on April 15, 2010, and their statute of limitations had not run. They were timely regardless whether they related back to the previous Indictments.

Second, he notes that the Second Superseding Indictment expanded the time period of a conspiracy charge that appeared in all three Indictments and added additional factual allegations about the conspiracy. Johnson, however, was not convicted of conspiracy, so even if the last Indictment materially broadened the scope of *that* charge, its inclusion was harmless. *See United States v. Atiyeh*, 402 F.3d 354, 373 (3d Cir. 2005) (inclusion of time-barred charges in charging document did not affect verdict on other charges when defendant did not identify evidence submitted on time-barred charges that would have been inadmissible on other charges).

Third, the Second Superseding Indictment added allegations that Johnson's tax preparation business, "Johnson & Associates[,] was owned and operated by defendant

4

Courtney Johnson and [his wife] defendant Carol Johnson," and that the Johnsons, as professional tax preparers, had obtained tax preparer identification numbers from the IRS. J.A. 30-31. Addition of these contextual facts did not amend or broaden any charges.

The same is true for Johnson's fourth objection that the Second Superseding Indictment alleged a tax loss to the Government "in excess of $400,000," J.A. 37, while the previous Indictment alleged "a tax loss of approximately $400,000," J.A. 24.

Finally, Johnson's last argument—that the Second Superseding Indictment added allegations about Refund Anticipation Loans used by Johnson and his clients—also fails. Johnson makes no attempt to explain how including this additional information materially broadened or substantially amended the four counts of aiding and assisting the filing of false income tax returns on April 15, 2008. Accordingly, those counts are timely.

## II. JURY INSTRUCTIONS

Johnson next argues that the District Court abused its discretion by failing to give an instruction cautioning the jury against reliance on the testimony of potential accomplices or co-conspirators. Specifically, he claims that the taxpayers whose returns he prepared could be accomplices or co-conspirators because they signed forms attesting to the accuracy of their tax returns.

When a defendant has raised the issue before the trial court, "[w]e review a district court's refusal to give a certain instruction for abuse of discretion[.]" *United States v. Powell*, 693 F.3d 398, 406 n.9 (3d Cir. 2012). But where, as here, the defendant failed to request the jury instruction he now presses on appeal, we review for plain error. Fed. R.

5

Crim. P. 30(d) & 52(b).[1] To prevail, Johnson must show "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). He doesn't come close.

The problem with Johnson's contention is that no evidence was presented at trial that the taxpayers knew of or were criminally involved with his scheme. In fact, the evidence shows that Johnson went to significant lengths to keep his clients in the dark. For example, he registered clients for tax refund loans without their knowledge in order to guarantee his tax preparation fees, which the lender would deduct from the clients' refunds and deposit into one of Johnson's accounts. Often Johnson would retain a portion of those refunds, depositing them into one of his accounts and giving the clients personal checks for smaller amounts. For one client, he prepared and presented a tax return with correct information, only to send a different return with inflated deductions to the IRS. After the IRS had opened an investigation of Johnson's tax preparation business, he wrote it a letter pretending to be one of his clients without that client's knowledge or consent.

---

[1] Johnson contends that, despite his failure to request the jury instruction about taxpayer testimony, we should review for abuse of discretion because he requested a "related instruction as to the existence of co-conspirators." Johnson's Br. at 52. Specifically, he requested an instruction "that [the] Government must prove that at least one other alleged co-conspirator was involved in the conspiracy[.]" J.A. 91. That simply is not the jury instruction he now seeks.

We cannot conclude that the District Court's failure to give an instruction cautioning skepticism of the taxpayer's testimony was error, much less clear error.

## III.   SUFFICIENCY OF THE EVIDENCE

Next, Johnson contends that his conviction must be reversed because the Government failed to prove sufficiently that he acted willfully when he submitted false information in his clients' tax returns. "Willfulness, as construed by [the Supreme Court's] prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). In assessing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

The record is replete with evidence presented at trial from which a rational trier of fact could find willfulness beyond a reasonable doubt. A few examples stick out. As mentioned above, Johnson provided one client with a copy of the latter's tax return and then submitted a falsified return to the IRS. He did this in order to obtain a $5,787 refund, only $679 of which did he pay to the client. In response to an audit, Johnson submitted false documentation to the IRS claiming that one client, a practicing Hindu, made charitable donations to the New Life Christian Fellowship. And after the IRS's pending investigation led to suspension of Johnson & Associates' Electronic Filing Identification

7

Number ("EFIN"), Johnson reached an agreement with another tax preparer to use her EFIN. He used it to file two more tax returns containing false information.

Johnson asserts that he could not possibly have acted willfully because he would receive no benefit from providing false information in his clients' tax returns. But, as already noted above, Johnson did receive a benefit; in addition to securing future payment of his tax preparation fees, he placed some clients' refunds into his own accounts and gave the clients personal checks for lesser amounts.

Accordingly, we have little trouble concluding that the Government presented sufficient evidence to uphold Johnson's conviction.

\* \* \* \* \*

Having concluded that Johnson's attempts to undermine his conviction underwhelm, we proceed to his objections to the sentence imposed by the District Court. Here there is more merit.

## IV. DISPUTED TAX LOSS AMOUNT

At his sentencing hearing, Johnson objected to the Government's calculation of the tax loss caused by his fraud, contending that at least one $146,523 deduction the Government believes led to a $90,729 tax loss was in fact legitimate; that several tax returns contained (unintentional) errors that, if corrected, would yield refunds for the relevant taxpayers rather than tax loss to the Government; and that tax loss arising from returns prepared by his wife should not be attributed to him. The District Court heard significant argument on these issues and denied Johnson's request for an evidentiary hearing. "The sentencing guidelines and Federal Rules of Criminal Procedure do not

8

require that a district court conduct an evidentiary hearing in addition to a sentencing hearing at which the parties can be heard." *United States v. Kluger*, 722 F.3d 549, 562 (3d Cir. 2013). But the Court did not state on the record its resolution of Johnson's three objections to the tax-loss calculation. Johnson argues that the Court's failure to accept or reject explicitly each of his objections to the tax loss calculation warrants vacating his sentence and remanding for resentencing. He is correct.

Federal Rule of Criminal Procedure 32(i)(3)(B) provides that "[a]t sentencing . . . the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary[,] either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" "[T]he purpose of Rule 32 is to ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the report are aware of whatever resolutions occurred at sentencing." *United States v. Rosa*, 891 F.2d 1063, 1070 (3d Cir. 1989) (internal quotation marks omitted). "A finding on a disputed fact or a disclaimer of reliance upon a disputed fact must be expressly made[, and] the Rule requires that the findings and determinations be appended to a copy of the presentence report." *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 252, 255 (3d Cir. 1998). "This Rule is strictly enforced and failure to comply with it is grounds for vacating the sentence." *Id.*

The Government rebuts that the District Court did resolve the dispute by stating on the record it had "reviewed the extensive presentence report and . . . accepted and adopted [its] recommendations[.]" J.A. 122. But this falls short of the requirement that

9

findings on disputed issues must "be expressly made." *Electrodyne*, 147 F.3d at 255. The Court made that statement after it had heard from the Government and Johnson on other issues in addition to the tax-loss disputes. The statement is untethered from the tax-loss calculation, and there is no indication whether the Court resolved Johnson's objections in the Government's favor or decided that the presentence report's recommendations could stand without reliance on or resolution of the contested tax loss calculation. Indeed, the presentence report stated that "[t]he Court must rule on [the tax-loss] issue." PSR at 35. By offering blanket approval of a report that asked the Court for a specific ruling, it left unclear what it decided and why.

In a discussion of the evidence providing the basis for Johnson's conviction, the District Court did state that it was "absolutely convinced that these were knowing, false deductions[.]" Suppl. App. 1699. Although this statement was not directly tied to Johnson's specific objection to the $146,523 deduction, it arguably may have resolved that dispute.

But the Government points to no statement similarly addressing Johnson's objection that he should not be held responsible for tax losses stemming from returns prepared by his wife or that errors in some tax returns led to an overstated tax-loss figure. Thus it is unclear whether or how the Court relied on these disputed facts.

In the Government's view, remand is unnecessary because "the Court's resolution of Johnson's factual disputes with the tax loss, if not explicit, was certainly implicit in the record." Gov't's Br. at 52. That is not the case. When a factual dispute arises at sentencing, the District Court must either state its finding on the disputed fact or disclaim

reliance on it. *Electrodyne*, 147 F.3d at 255. The record here leaves unclear which of Johnson's objections the Court resolved and which disputed facts it might have chosen to disregard.

Because the District Court failed to resolve expressly the tax-loss dispute or disclaim reliance on the disputed calculations, we vacate Johnson's sentence and remand for resentencing.

## V.  INTERPRETATION OF GUIDELINES § 3B1.1(b)

The District Imposed a three-level enhancement under Sentencing Guidelines § 3B1.1(b) because Johnson acted as a "manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive[.]." U.S.S.G. § 3B1.1(b). It is undisputed that Johnson's criminal activity did not involve five or more participants. He contends that the District Court erred by imposing the enhancement without identifying countable non-participants that amount to the "functional equivalent of five participants." *United States v. Helbling*, 209 F.3d 226, 248 (3d Cir. 2000) (internal quotation marks omitted).

Even if the Court might have been more clear as to how it determined that Johnson's criminal activity was "otherwise extensive," we need not decide whether the enhancement under § 3B1.1(b) was appropriate. Because we must vacate Johnson's sentence for the reasons stated above, the District Court will have the opportunity to reconsider this question on remand.

11

## VI. RESTITUTION

The presentence report cited 18 U.S.C. § 3663 (authorizing imposition of restitution for certain offenses under Titles 18 and 49) as the source of the Court's authority to impose restitution payable immediately as part of Johnson's sentence for violating 26 U.S.C. § 7206 (prohibiting, among other things, willful aid or assistance in the preparation of a false or fraudulent tax return). PSR at 27. The parties agree that § 3663 does not permit the imposition of restitution for violations of § 7206, which appears in Title 26 of the U.S. Code. So do we, and thus the District Court's order of restitution must be vacated.

The Government contends, however, that the District Court was authorized to impose restitution as a condition of supervised release under 18 U.S.C. § 3583(d) (providing for conditions of supervised release) and asks that we remand to allow the Court to correct the basis and timing of Johnson's obligation to pay restitution. Johnson disagrees, arguing that restitution simply may not be imposed for violations of Title 26.

We need not resolve whether § 3583(d) authorizes restitution in Johnson's case and leave the question to the District Court to decide in the first instance on remand.

\* \* \* \* \*

For these reasons we affirm Johnson's conviction, vacate his sentence, and remand to the District Court for resentencing.