NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2009
_____

UNITED STATES OF AMERICA

v.

COURTNEY JOHNSON,
                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-13-cr-00417-001)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 21, 2019

Before:  AMBRO, RESTREPO and FISHER, *Circuit Judges*.

(Filed: August 29, 2019)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

    Courtney Johnson was re-sentenced on remand from this Court. In his prior

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

appeal, the panel ruled that the District Court erred in not explicitly resolving a disputed matter affecting his sentence.[1] On remand, the District Court imposed the same sentence as it had before, which included forty-eight months' imprisonment and a $50,000 fine. Johnson appeals the sentence, arguing that the District Court erred in two respects: first, in finding that he was the manager of "otherwise extensive" criminal activity and applying an aggravating role enhancement; and second, in re-imposing the $50,000 fine without reassessing his ability to pay. We will affirm.[2]

The District Court did not clearly err in finding Johnson's criminal activity "otherwise extensive,"[3] meaning there were "a total of five or more participants and countable non-participants."[4] Countable non-participants are those "whom the defendant

---

[1] *United States v. Johnson*, 682 F. App'x 118, 124 (3d Cir. 2017) (holding the District Court erred in failing to resolve a dispute about the loss associated with Johnson's preparation of false tax returns).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a). We review findings of fact for clear error. *United States v. Huynh*, 884 F.3d 160, 165, 171 (3d Cir. 2018). We review unpreserved issues for plain error, asking whether there is "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Paladino*, 769 F.3d 197, 201 (3d Cir. 2014) (quoting *United States v. Tai*, 750 F.3d 309, 313–14 (3d Cir. 2014)).

[3] U.S.S.G. § 3B1.1(b). The Government argues this issue is moot because Johnson has completed his prison term. Our review of this jurisdictional question is plenary. *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 404 (3d Cir. 2016). The issue is not moot because the "otherwise extensive" finding affects Johnson's offense level, which is the starting point for setting his fine under U.S.S.G. § 5E1.2(c)(3). Therefore, he stands to benefit from a favorable decision. *See United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

[4] *Huynh*, 884 F.3d at 171.

employed with specific criminal intent for services that were peculiar and necessary to the scheme."[5] When a District Court's participants-and-countable-non-participants analysis is not explicit, we may affirm where "specific factual findings, viewed in light of the entire record," show the determination was not clearly erroneous.[6]

The District Court counted Johnson and his wife as participants and counted as non-participants: "staff persons" at the Johnsons' tax prep business "whose assistance and participation made it all possible;" the "Santa Barbara . . . connection;" Errol Walters; and Johnson's taxpayer clients.[7] Having identified those persons, the District Court found Johnson's activity "otherwise extensive." The record supports that finding. At trial, Johnson testified that five of his employees prepared returns and that he had to rely on them because he "ha[d] too much stuff to do to be doing returns."[8] Johnson's clients testified that fraudulent returns had been filed using Walters's Electronic Filing Identification Number (EFIN). Because this record supports the "otherwise extensive" finding the District Court did not clearly err.[9]

---

[5] *Id.* (citing *United States v. Helbling*, 209 F.3d 226, 248 (3d Cir. 2000)).

[6] *Id.* at 171-72.

[7] App. 36-37, 46.

[8] Supp. App. 997, 1248. On appeal, Johnson argues there was no evidence that his staff prepared Schedule C's—one of the forms used to perpetrate the fraud—but Johnson did in fact testify that his staff prepared Schedule C's with his oversight. *Id.* at 1124-25.

[9] We need only consider Johnson's employees and Walters to determine that there was no clear error. Therefore, we do not decide whether the District Court clearly erred when it also included Santa Barbara Bank & Trust and Johnson's taxpayer clients—the victims—as countable non-participants.

3

With regard to Johnson's second argument, the District Court did not plainly err in re-imposing a $50,000 fine. Our review is for plain error because Johnson admittedly failed to raise this issue in the District Court.[10] Johnson takes no umbrage at the ability-to-pay determination at his first sentencing. At that time, he had significant debts, and the District Court based its finding largely on his future earning capacity. The Court imposed the fine without interest and decided against prohibiting Johnson from working in accounting in light of his "need to pay his obligations to the court."[11] Johnson argues that, on remand, his circumstances had obviously and materially changed: at the time of his first sentencing he did not qualify for appointed counsel, but by his re-sentencing he was represented by the Federal Public Defender, and he had obviously been unemployed due to his incarceration.

Johnson's qualification for appointed counsel neither forecloses the imposition of a fine nor obviously impacts future earning potential,[12] so we cannot say that the need for a new ability-to-pay finding would have been obvious to the District Court, particularly in light of Johnson's burden to present evidence on this issue.[13] Further, Johnson has not

---

[10] *See Gov't of V.I. v. Rosa*, 399 F.3d 283, 290-91 (3d Cir. 2005). Because we conclude that the District Court did not plainly err, we assume without deciding that Johnson did not affirmatively waive this issue. *See id.* (explaining that forfeiture permits plain error review while waiver does not).

[11] Supp. App. 1703.

[12] *See United States v. Logar*, 975 F.2d 958, 962 (3d Cir. 1992) ("[I]ndigency at the time of sentencing is not a bar to ordering a defendant to pay restitution in the future.").

[13] *United States v. Kadonsky*, 242 F.3d 516, 520 (3d Cir. 2001).

4

explained how such an error affected his substantial rights.

Because the District Court properly calculated Johnson's offense level and did not plainly err in re-imposing a $50,000 fine, we will affirm.